**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 1, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

ALEJANDRO CARRILLO-RUIZ,

      Defendant-Appellant.

No. 04-2203
(District of New Mexico)
(D.C. No. CR-04-435-WPJ)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **LUCERO,** and **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

## I.    INTRODUCTION

Defendant-appellant Alejandro Carrillo-Ruiz pleaded guilty to illegal reentry after a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a)(1), (2), and (b)(2).  The district court sentenced Carrillo-Ruiz to fifty-seven months' imprisonment.  On appeal Carrillo-Ruiz is challenging his sentence.  We exercise jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291 and **affirm**.

## II.    BACKGROUND

Carrillo-Ruiz was arrested on January 19, 2004 by a United States Border Patrol Agent.  On March 9 the government filed an information charging Carrillo-Ruiz with being found in the United States after having been deported in September 2003 following a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a)(1), (2), and (b)(2).  The underlying felony named in the information was reckless injury to a child.  At a plea hearing held on March 9, Carrillo-Ruiz formally waived his right to a grand jury indictment and consented to proceed by way of information.  Carrillo-Ruiz pleaded guilty to reentry after deportation but reserved the right to challenge whether reckless injury to a child is an aggravated felony and to dispute whether the conviction was out of Dallas.  Subsequent to the plea hearing, on April 26, the government filed an amended

information charging the same offense, but alleging a different underlying aggravated felony: burglary of a habitation.

The presentence report ("PSR") recommended an adjusted offense level of twenty-one. Pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 2L1.2(a), the base offense level for illegal reentry is eight. Based on the underlying conviction for burglary of a habitation, which is considered a crime of violence, a sixteen-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) was applied, resulting in an adjusted offense level of twenty-four.[1] The offense level was reduced three levels for acceptance of responsibility producing an adjusted offense level of twenty-one. Based on this offense level and Carrillo-Ruiz's criminal history category IV status, the applicable Guidelines range was fifty-seven to seventy-one months' imprisonment.

Carrillo-Ruiz filed formal objections to the PSR contending the sixteen-level enhancement and the assignment of a criminal history category above I violated Carrillo-Ruiz's Sixth Amendment rights under *Blakely v. Washington*, 124 S. Ct. 2531 (2004), because both were based on facts not found by a jury or admitted by Carrillo-Ruiz. He further asserted that because the burglary

---

[1]The government admits that Carrillo-Ruiz's conviction for reckless injury to a child is not a crime of violence for purposes of the sixteen-level sentencing enhancement because it did not result in a jail term of more than one year. *See* 8 U.S.C. § 1101(43); U.S.S.G. § 2L1.2(b)(1)(A)(ii).

conviction was not charged in the original information, to which Carrillo pleaded guilty, he was deprived of his Due Process rights. At sentencing the district court overruled Carrillo-Ruiz's objections to the PSR and rejected Carrillo-Ruiz's *Blakely* argument. The court sentenced Carrillo-Ruiz to fifty-seven months' imprisonment.

## III. DISCUSSION

Carrillo-Ruiz argues that he must be resentenced because the sixteen-level sentencing enhancement was based on an alleged prior conviction that was not charged in the original information. As a consequence, Carrillo-Ruiz contends, he did not knowingly, intelligently, and voluntarily waive his right to a grand jury indictment and because the existence of the alleged prior conviction was not found by a jury or admitted by Carrillo-Ruiz, his sentence violates his Sixth Amendment rights under *Blakely*.

While this appeal was pending the Supreme Court decided *United States v. Booker*, 125 S. Ct. 738 (2005). In *Booker*, the Supreme Court extended the holding of *Blakely* to the federal Sentencing Guidelines such that the Sixth Amendment requires that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 125 S. Ct. at 756. The Court had

previously held that 8 U.S.C. § 1326(b)(2), which authorizes prior-conviction sentencing enhancements for individuals convicted of illegal reentry, is a penalty provision and does not define a separate crime. *Almendarez-Torres v. United States*, 523 U.S. 224, 226 (1998). "Consequently, neither the statute nor the Constitution requires the Government to charge the factor that it mentions, an earlier conviction, in the indictment." *Id.* at 226-27. This rule in *Almendarez-Torres* remains good law after *Booker*. *United States v. Moore*, 401 F.3d 1220, 1224 (10th Cir. 2005). Thus, the enhancement applied to Carrillo-Ruiz's sentence for his prior conviction does not violate his Sixth Amendment rights because "the government need not charge the 'fact' of a prior conviction in an indictment and submit it to a jury." *Id.*[2]

---

[2]The remedial portion of the Supreme Court's decision in *Booker* rendered the Sentencing Guidelines advisory only. *United States v. Booker*, 125 S. Ct. 738, 764-65 (2005). Thus, even though Carrillo-Ruiz's sentence does not violate the Sixth Amendment, the "sentencing court [] err[ed] by applying the Guidelines in a mandatory fashion, as opposed to a discretionary fashion." *United States v. Gonzalez-Huerta*, 403 F.3d 727, 731-32 (10th Cir. 2005) (en banc). At sentencing, however, the district court offered an alternative sentence stating:

> The Court notes that this sentence that I've just imposed is within the statutory range, without regard to the Sentencing Guidelines. Should the [S]entencing Guidelines regime be declared unconstitutional, the Court determines that it is within the Court's discretion to sentence within the statutory range and sentences exactly as I have just indicated.

Any error resulting from the court's mandatory application of the Guidelines is

<span style="float:right">(continued...)</span>

To be effective, waiver of a grand jury indictment can only occur after the defendant has been advised of the nature of the charge pending. Fed. R. Crim. P. 7(b). The defendant need not be made aware of an alleged prior conviction before waiving his right to a grand jury indictment because the alleged prior conviction is not an element of the crime charged, but a factor for sentencing. *See Almendarez-Torres*, 523 U.S. at 226. Accordingly, the failure of the government to charge the prior conviction in the information does not affect the validity of Carrillo-Ruiz's waiver of a grand jury indictment. Nor is there any other evidence in the record to suggest that Carrillo-Ruiz's waiver was not done knowingly, voluntarily, and intelligently. *See United States v. Ferguson*, 758 F.2d 843, 850-51 (2d Cir. 1985).

## IV. CONCLUSION

For the foregoing reasons, we **AFFIRM** the sentence imposed by the district court.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge

---

[2](...continued)
therefore harmless. *See United States v. Labastida-Segura*, 396 F.3d 1140, 1142-43 (10th Cir. 2005).

-6-