**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 14, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOSE REYES SANCHEZ-SANCHEZ,

Defendant-Appellant.

No. 04-2132

(D. of N.M.)

(D.C. No. CR-03-2470-RB)

**ORDER AND JUDGMENT** *

Before **KELLY** , **O'BRIEN** , and **TYMKOVICH** , Circuit Judges. **

Jose Reyes Sanchez-Sanchez appeals the 46-month sentence he received resulting from his illegal reentry into the United States, in violation of 8 U.S.C. § 1326. Sanchez-Sanchez asserts he should be re-sentenced because *Blakely v. Washington* , 124 S. Ct. 2531 (2004) and *United States v. Booker* , 125 S. Ct. 738 (2005), both of which the Supreme Court handed down after Sanchez-Sanchez

---

* This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

** After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

pled guilty, make it clear his sentence violates his Sixth Amendment rights. We find Sanchez-Sanchez's rights were not violated and affirm.

## I. BACKGROUND

In September 2003, Sanchez-Sanchez was arrested after illegally entering the United States. He admitted he was a citizen of Mexico and was in the United States illegally. Authorities discovered Sanchez-Sanchez had been deported on four prior occasions, his most recent deportation resulting from a conviction for importing less than 50 kilograms of marijuana.

The government charged Sanchez-Sanchez with, and he pled guilty to, illegal reentry after being deported as a result of a conviction for an aggravated felony in violation of 8 U.S.C. § 1326(a)(1), (2) and (b)(2). Prior to sentencing, Sanchez-Sanchez filed a motion for downward departure. He argued that downward departure was warranted because his reentry was necessary to care for his ailing parents and that he suffered from various illnesses and disabilities. Although the district court found Sanchez-Sanchez's case a sympathetic one, it determined that other cases in which no downward departure was granted were equally sympathetic. Thus, on May 25, 2004, the district court denied Sanchez-Sanchez's motion and, based on his crime, criminal history, and acceptance of responsibility, sentenced Sanchez-Sanchez to 46 months in prison (the low-end of the relevant United States Sentencing Guidelines range).

Though Sanchez-Sanchez did not object at the time the district court entered his sentence, he now claims his sentence is unconstitutional. Sanchez-Sanchez asserts both *Blakely* and *Booker* require us to remand his case for re-sentencing because his sentence, which was determined under a mandatory sentencing scheme, violates his Sixth Amendment rights.

## II. ANALYSIS

We review a sentence imposed under the Guidelines pre-*Booker* for plain error when a defendant fails to object to his sentence. *United States v. Gonzalez-Huerta*, 403 F.3d 727, 732. (10th Cir. 2005). To prove plain error, an appellant must prove that (1) the district court committed error, (2) the error was plain, and (3) the error affected the appellant's substantial rights. *See Johnson v. United States*, 520 U.S. 461, 466-67 (1997). Only after an appellant demonstrates all three elements of plain error may we then exercise our discretion to notice the error, but we will only exercise our discretion if "the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 467 (internal quotation marks omitted).

In *Booker*, the Court found the Guidelines unconstitutional because they were mandatory. 125 S. Ct. at 750. To remedy the problem, the Court excised certain portions of the Guidelines that made them mandatory and declared henceforth the Guidelines would be advisory in their application. *Id.* at 764-65.

Thus, it was error for the court to impose a sentence under the mandatory Guidelines. *See Gonzalez-Huerta*, 403 F.3d at 731. However, *Booker* recognized this error occurred in two distinct forms. *See id.* One type of error, "constitutional error," occurs when a judge determines facts, other than the fact of a prior conviction, and uses those facts to enhance a sentence beyond the maximum allowed based on a jury conviction or guilty plea. *See id.* The other type of error, "non-constitutional error," occurs when a court sentences a defendant under the mandatory Guidelines. *See id.* Importantly, non-constitutional error does not involve a situation where the sentencing judge determined facts that enhanced a sentence. *See id.*

This circuit has acknowledged plain error review may be less rigid in cases where constitutional error occurred. *United States v. Clifton*, 406 F.3d 1173, 1182 (10th Cir. 2005). In this case, because the district court judge did not determine any facts other than the fact of prior conviction, no constitutional error is present. *United States v. Moore*, 401 F.3d 1220, 1223 (10th Cir. 2005). We therefore apply non-constitutional plain error analysis.

Sanchez-Sanchez meets the first two prongs of the plain error test. It was error for the district court to sentence Sanchez-Sanchez under a mandatory sentencing scheme. *See Gonzalez-Huerta*, 403 F.3d at 732. That error was plain

even though *Booker* was not decided until after the district court sentenced Sanchez-Sanchez. *See id.*

We need not consider the third prong of our plain error review because Sanchez-Sanchez cannot demonstrate on this record that the mandatory application of the Guidelines seriously affected the fairness, integrity, or public reputation of judicial proceedings, the fourth prong of plain error review. *See id.* at 736 ("We need not determine whether [the defendant] can satisfy this burden [of showing his substantial rights were affected] because even if he were to meet the third prong, he must also satisfy the fourth prong to obtain relief.").

We recently outlined several factors to help determine whether a defendant has satisfied this fourth prong of plain error review, including the likelihood the district court would impose a lighter sentence on remand, whether the factors set forth in 18 U.S.C. § 3553(a) warrant departure, and the weight of evidence supporting the enhancement. *See United States v. Dowlin*, 408 F.3d 647, 671 (10th Cir. 2005). Applying these factors to this case, we conclude that we should not exercise our discretion to notice plain error under the fourth prong.

Sanchez-Sanchez provides no evidence the court would have given him a lower sentence but for the mandatory nature of the Guidelines. In addition, his extensive criminal history, which includes assault, child abuse, and several convictions for driving while intoxicated, supports the court's sentence, and

-5-

strongly weighs against a conclusion that the court would evaluate the sentence differently 18 U.S.C. § 3553(a)(2)(C) (e.g., "The court, in determining the particular sentence to be imposed shall consider — . . . the need for the sentence imposed — . . . to protect the public from further crimes of the defendant"). Finally, in cases of non-constitutional plain error review, the defendant must make an especially compelling record to warrant noticing of error. Sanchez-Sanchez cannot do so in this case. Therefore, we conclude the error does not meet the fourth prong of plain error review, and, accordingly, we decline to exercise our discretion and order a remand.

 AFFIRMED.

         Entered for the Court

         Timothy M. Tymkovich
         Circuit Judge