**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | No. 04-2341 |
| v. | (D.C. Nos. CIV-04-01247 BB/RLP |
| ARTHUR HARRIS, | and  CR-01-823 BB) |
| Defendant - Appellant. | (D. N.M.) |

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**

Before **BRISCOE**, **LUCERO,** and **MURPHY**, Circuit Judges.

Arthur Harris, a federal prisoner proceeding pro se, requests a certificate of appealability ("COA") to appeal the denial of his 28 U.S.C. § 2255 petition.  For substantially the same reasons set forth by the district court, we **DENY** Harris's request for a COA and **DISMISS**.

Harris is currently serving a 120-month sentence following his plea of guilty for being a felon in possession of a firearm.  He collaterally attacked his sentence in the court below by raising a challenge under Blakely v. Washington, 542 U.S. 296 (2004).[1]  Finding that Blakely was not retroactively applicable to

---

[1] Harris' application for a COA, filed May 25, 2005, does not cite to United

(continued...)

initial habeas petitions, the court denied Harris' § 2255 petition and also denied

Harris's subsequent application for a COA. Harris now seeks a COA from this

court arguing that his sentence is invalid under Blakely/Booker.[2]

This circuit has held that Booker does not apply retroactively on collateral

review. United States v. Bellamy, 411 F.3d 1182, 1188 (10th Cir. 2005).

Additionally, Booker does not require the submission of a prior conviction to the

jury. We have held that "the 'fact' of prior convictions . . . need not be charged

in an indictment and proven to a jury," because "[i]n previous criminal

proceedings, a defendant received sufficient procedural protections to alleviate

any Sixth Amendment concerns about using convictions stemming from those

---

[1](...continued)
States v. Booker, 125 S.Ct. 738 (2005). "We must apply the holdings in Blakely and Booker to all cases in which a defendant properly raised an issue under either case." U.S. v. Clifton, 406 F.3d 1173, 1175 n.1 (10th Cir. 2005).

[2]Harris' petition was filed after April 24, 1996, the effective date of the Anti-terrorism and Effective Death Penalty Act ("AEDPA"); as a result, AEDPA's provisions apply to this case. See Rogers v. Gibson, 173 F.3d 1278, 1282 n.1 (10th Cir. 1999). AEDPA conditions a petitioner's right to appeal a denial of habeas relief under § 2255 upon a grant of a COA. 28 U.S.C. § 2253(c)(1)(B). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This requires Harris to demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted). Because the district court denied Harris a COA, he may not appeal the district court's decision absent a grant of a COA by this court.

proceedings for sentencing." <u>U.S. v. Moore</u>, 401 F.3d 1220, 1223 (10th Cir. 2005).

Because we determine, for substantially the same reasons as the district court, that Harris may not raise a <u>Booker</u> challenge on collateral attack, and that Harris fails to state a <u>Booker</u> challenge in any event, his application for a COA is **DENIED** and the appeal is **DISMISSED**.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge