**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 23 2005**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

GARY DEAN MOORE,

      Defendant-Appellant.

No. 04-8078

---

**Appeal from the United States District Court**
**for the District of Wyoming**
**(D.C. No. 04-CR-66-J)**

---

Submitted on the briefs:[*]

Thomas A. Fleener, Assistant Federal Public Defender, Cheyenne, Wyoming for Defendant-Appellant.

Matthew H. Mead, United States Attorney, District of Wyoming and David A. Kubichek, Assistant United States Attorney, Casper, Wyoming, for Plaintiff-Appellee.

---

Before **BRISCOE**, **LUCERO**, and **MURPHY**, Circuit Judges.

---

**LUCERO**, Circuit Judge.

---

    [*]At the parties' request, the case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G).

Gary Moore appeals his sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e). He urges us to conclude that the existence of prior convictions, and their classification as "violent felonies," as required by the Act constitute "facts" that must be charged in an indictment and proven to a jury. We conclude that Supreme Court precedent, including its recent holdings in United States v. Booker, 125 S.Ct. 738 (2005) and Shepard v. United States, 544 U.S. ___(2005), do not require the government to charge in an indictment or prove to a jury either the existence of prior convictions or their classification as "violent felonies," and therefore **AFFIRM** Moore's sentence.

## I

While investigating a domestic violence complaint at the home shared by Gary Moore and his wife, officers discovered six firearms in Moore's bedroom. During a subsequent interview, Moore's wife informed a sheriff's deputy that Moore had recently possessed an AK-47 assault rifle. Through follow-up interviews with Moore's associates, the deputy confirmed that Moore had possessed and sold the assault rifle. The investigation also revealed that Moore had previously been convicted of several felonies, including rape, "injury by conduct regardless of life," and escape.

After pleading guilty to one count of being a previously convicted felon in possession of firearms, in violation of 18 U.S.C. § 922(g), Moore received the pre-sentence report ("PSR") that recommended sentencing him as an armed career criminal pursuant to § 924(e). Under § 924(e), any "person who violates section 922(g) . . . and has three previous convictions . . . for a violent felony . . . shall be fined under this title and imprisoned not less than fifteen years." The maximum term of imprisonment under § 922(g), without application of § 924(e), is ten years. 18 U.S.C. § 924(a)(2) ("Whoever knowingly violates subsection . . . (g) . . . of section 922 shall be fined as provided in this title, imprisoned not more than 10 years, or both.").

Moore objected to the PSR, arguing that the determination of whether he had previously committed three violent felonies was a factual issue that, pursuant to Blakely v. Washington, 124 S.Ct. 2531 (2004), had to be charged in the indictment and found by a jury under a "beyond a reasonable doubt" standard. He further asserted that whether his previous felonies constituted "violent felonies" within the meaning of § 924(e) was a fact question that a jury had to decide. The district court rejected Moore's Blakely arguments and overruled his objection to the PSR. Finding that Moore had been convicted of at least three prior violent felonies, the court sentenced him as an armed career criminal to fifteen years imprisonment, the minimum sentence mandated by § 924(e).

## II

On appeal, Moore repeats his argument that the three previous felony convictions required under § 924(e), and whether the felonies were "violent" within the meaning of the statute, are facts that must be charged in the indictment and either admitted to by the defendant or proven to a jury under a "beyond a reasonable doubt" standard. He argues that his sentence should be vacated and remanded for re-sentencing on the § 922(g) conviction without application of § 924(e)'s mandatory minimum sentence.[1]

### A

In Almendarez-Torres v. United States, 523 U.S. 224 (1998), the Supreme Court considered whether 8 U.S.C. § 1326(b)(2), which increased the maximum penalty for unlawful reentry upon a finding that the alien had previously been convicted of an aggravated felony, constituted a separate crime that had to be charged in the indictment. Because recidivism "is a traditional, if not the most traditional, basis for a sentencing court's increasing an offender's sentence," id. at 243, and "as typical a sentencing factor as one might imagine," id. at 230, the

---

[1] Because the district court imposed the minimum sentence required by § 924(e), and did not impose a sentence required by the United States Sentencing Guidelines, we need not, and do not, address whether mandatory application of the Guidelines constitutes plain error under Booker. That question is pending before the court in United States v. Gonzalez-Huerta, No. 04-2045, and has yet to be resolved.

Court held that "neither the statute nor the Constitution require the Government to charge . . . an earlier conviction in the indictment." Id. at 226-27. The Court also expressed the importance of shielding a jury from prior-crimes evidence, because "the introduction of evidence of a defendant's prior crimes risks significant prejudice." Id. at 235.

The following year, in Jones v. United States, 526 U.S. 227 (1999), the Court reaffirmed its holding in Almendarez-Torres, stating that it "stands for the proposition that not every fact expanding a penalty range must be stated in a felony indictment, the precise holding being that recidivism increasing the maximum penalty need not be so charged." Id. at 248. The Court again confronted a challenge to sentence enhancements one year later in Apprendi v. New Jersey, 530 U.S. 466 (2000). Although the Court held generally that any fact increasing a sentence beyond the statutory maximum must be submitted to a jury, it affirmed the continued validity of Almendarez-Torres as an exception to the rule it announced. Central to the Court's decision to carve out recidivism as an exception to its holding in Apprendi was its conclusion that prior convictions are "entered pursuant to proceedings with substantial procedural safeguards of their own." Id. at 488. Accordingly, the Court stated its holding as: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond

the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490 (emphasis added).

We have previously reviewed § 924(e) in light of Apprendi. In United States v. Dorris, 236 F.3d 582 (10th Cir. 2000), a criminal defendant appealed his sentence under § 924(e) arguing that, under Apprendi, his prior convictions must be charged in an indictment and proven to a jury beyond a reasonable doubt. Dorris argued that the rule announced in Apprendi effectively overruled Almendarez-Torres. We noted that Apprendi carved out an exception for prior convictions and that "use of a prior conviction to increase a defendant's sentence does not implicate the same concerns as other sentencing enhancements because the defendant's previous conviction was accompanied by all the procedural safeguards required in a criminal prosecution." Id. at 587-88. Accordingly, we rejected Dorris's argument and held that the "fact" of prior convictions under § 924(e) need not be charged in an indictment and proven to a jury.

Consequently, the question before us now is whether our holding in Dorris remains good law after the Supreme Court's decision in United States v. Booker, 125 S.Ct. 738 (2005). We conclude that it does.

The majority opinion in Booker does not mention Almendarez-Torres, much less overrule it. Indeed, the Court explicitly confirmed the prior conviction exception, stating:

> "we reaffirm our holding in <u>Apprendi</u>:  Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."

<u>Id.</u> at 756.  Furthermore, <u>Apprendi</u>'s reason for excepting prior convictions remains as valid after <u>Booker</u> as it was before.  In previous criminal proceedings, a defendant received sufficient procedural protections to alleviate any Sixth Amendment concerns about using convictions stemming from those proceedings for sentencing.

Moore argues that recent Supreme Court decisions portend the demise of <u>Almendarez-Torres</u>.  Indeed, in a recent concurring opinion, Justice Thomas stated that <u>Almendarez-Torres</u> "has been eroded by this Court's subsequent Sixth Amendment jurisprudence, and a majority of the Court now recognizes that <u>Almendarez-Torres</u> was wrongly decided."  <u>Shepard v. United States</u>, 544 U.S. __ (2005) (Thomas, J., concurring).  He urges that "in an appropriate case, this Court should consider <u>Almendarez-Torres</u>' continuing viability."  <u>Id.</u>  Although the Court may overrule <u>Almendarez-Torres</u> at some point in the future, it has not done so, we will not presume to do so for the Court, and we are bound by existing precedent to hold that the <u>Almendarez-Torres</u> exception to the rule announced in <u>Apprendi</u> and extended to the Guidelines in <u>Booker</u> remains good law.  See <u>Agostini v. Felton</u>, 521 U.S. 203, 237 (1997) ("if a precedent of this Court has

direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions."); see also Shepard, 544 U.S. at ___ n.5 ("The dissent charges that our decision may portend the extension of Apprendi v. New Jersey, 530 U.S. 466 (2000), to proof of prior convictions . . . . It is up to the future to show whether the dissent is good prophesy."). We therefore conclude that the government need not charge the "fact" of a prior conviction in an indictment and submit it to a jury.

**B**

Moore raises an argument unaddressed in Dorris, namely that the characterization of a previous felony as "violent" under § 924(e) is a fact that must be charged in an indictment and either admitted by the defendant or proven to a jury under a "beyond a reasonable doubt" standard. Pursuant to 18 U.S.C. § 924(e)(2)(B), a "violent felony" is:

> "any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that – (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."

In Taylor v. United States, 495 U.S. 575 (1990), the Court held that ordinarily "the sentencing court in applying § 924(e) must look only to the statutory

- 8 -

definitions of the prior offenses."  Id. at 600; see also United States v. Hernandez-Rodriguez, 388 F.3d 779, 782 (10th Cir. 2004) ("In determining whether the elements of an offense meet the guideline formulation of an aggravated felony, we look to the category of crime defined by that offense.  This 'generally requires the trial court to look only to the fact of conviction and the statutory definition of the prior offense.'") (quoting Taylor, 495 U.S. at 602).  In only a "narrow range of cases" may a sentencing court "go beyond the mere fact of conviction."  Taylor, 495 U.S. at 602.

Taking such a categorical approach, and scrutinizing the statutory definition of a prior offense to ascertain if it meets § 924(e)(2)(B)'s standard of a "violent felony," involves a question of law for a court to decide, and not a question of fact for a jury.  See, e.g., United States v. Lujan, 9 F.3d 890, 891 (10th Cir. 1993) ("A sentence enhancement under section 924 is a legal determination subject to de novo review. . . . Thus, ordinarily the language of the state statutes used to convict Mr. Lujan determines whether each crime is a 'violent felony.'"); United States v. Moudy, 132 F.3d 618, 619 (10th Cir. 1998) ("Review of a sentence enhancement under the Armed Career Criminal Act is a legal issue subject to de novo review.").  Because determining whether a given

felony constitutes a "violent felony" is a question of law and not fact, the Sixth Amendment does not require that determination to be made by a jury.[2]

Last year the Sixth Circuit faced a similar question in United States v. Burgin, 388 F. 3d 177 (6th Cir. 2004). Under § 924(e), a defendant's three previous convictions must be for violent felonies "committed on occasions different from one another." The defendant in Burgin argued that the "fact" of whether his convictions were committed on separate occasions must be charged in an indictment and proven to a jury. The court held that "the determinations by a district court that prior felony convictions exist and were committed on different occasions, are so intimately related that the 'different occasions' requirement of § 924(e) sufficiently comes within the exception in Apprendi for a prior conviction." Id. at 186.

In United States v. Santiago, 268 F.3d 151 (2d Cir. 2001), the Second Circuit reached a similar result. The court noted that the "determination of 'the

_____

[2] To comply with the Sixth Amendment, a district court must stay within the bounds delineated by the Court in Shepard v. United States, 544 U.S. ___ (2005). When deciding if a prior burglary conviction under a "nongeneric" burglary statute constitutes a violent felony, the court may look beyond the charging document only to jury instructions in jury trials, findings and rulings in bench trials, and the defendant's admissions or "accepted findings of fact confirming the factual basis for a valid plea" in cases disposed of through a guilty plea. Id. at ___. In the matter before us, the three predicate felonies were for rape, "injury by conduct regardless of life," and escape. Whether these crimes constitute violent felonies can be, and in this case were, determined by looking at the statutory definitions of the offenses.

fact of a prior conviction' implicitly entails many subsidiary findings," and that "the separateness of the convictions is not a fact which is different in kind from the types of facts already left to the sentencing judge by Almendarez-Torres and Apprendi." Id. at 156. Also, because introducing any evidence of prior crimes would likely prejudice the jury, requiring a jury to find that three prior crimes were committed on separate occasions would "more likely . . . prejudice rather than protect defendants." Id.; see also United States v. Morris, 293 F.3d 1010, 1012-13 (7th Cir.2002) (concluding that there is no "reasoned basis for distinguishing the factor at issue here ['different occasions'] from other factors traditionally considered in enhancing a sentence based on recidivism.").

We conclude for similar reasons that Apprendi and Booker's exception for prior convictions subsumes inquiries into whether a given conviction constitutes a "violent felony." It is a question of law whether a felony meets the statutory definition of a "violent felony," and such a question does not trigger the Sixth Amendment concerns addressed in Booker. Furthermore, determining whether a prior conviction was for a "violent felony" involves an inquiry intimately related to whether a prior conviction exists, and therefore falls within the prior convictions exception to the Apprendi rule. The Court's concerns with prejudice to defendants animating its Almendarez - Torres decision would be present with

equal force if a jury were to consider whether three prior crimes constituted "violent felonies."

We therefore conclude that the government need not charge in an indictment and prove to a jury that a defendant's prior conviction constitutes a "violent felony" under § 924(e).

## C

Finally, Moore asserts that his prior conviction for escape does not constitute a "violent felony." The district court noted that it reviewed the relevant state statute, and stated that it was relying on "substantial authority within this circuit that an escape situation is one that does cause and should be considered a violent felony." It specifically declared that its decision did not rely on "the particular facts and circumstances surrounding the escape in this particular conviction."

"We review a sentence enhancement under 18 U.S.C. 924(e) de novo." United States v. Green, 55 F.3d 1513, 1515 (10th Cir. 1995). In United States v. Moudy, 132 F.3d 618 (10th Cir. 1998), a defendant challenged a district court's use of a prior escape conviction as a "violent felony" under § 924(e). We ruled that "[e]very escape scenario is a powder keg, which may or may not explode into violence and result in physical injury to someone at any given time, but which always has the serious potential to do so." Id. at 620. Under § 924(e)(2)(B)(ii),

"an escape always constitutes 'conduct that presents a serious potential risk of physical injury to another.'" Id. Thus, the district court properly determined that Moore's escape conviction is a "violent felony" under § 924(e).[3]

### III

Neither the existence of prior convictions, nor their classification as "violent felonies," constitute facts that must be charged in an indictment and proven to a jury under a "beyond a reasonable doubt" standard. The court below properly concluded that Moore has at least three prior convictions for violent felonies and appropriately sentenced him pursuant to 18 U.S.C § 924(e). Accordingly, we **AFFIRM** the sentencing order entered by the district court.

---

[3] Because the district court found that Moore's prior convictions for "injury by conduct regardless of life," rape, and escape constitute the three relevant "violent felonies" justifying a sentence under § 924(e), we need not address Moore's argument that a fourth prior conviction listed in the PSR does not constitute a "violent felony."