**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 31, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ROBERTO GONZALEZ-BARTOLO,

    Defendant-Appellant.

No. 04-4267
(D.C. Nos. 1:04-CV-131-DB and
1:04-CR-19-DB)
(D. Utah)

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**

Before **BRISCOE** , **LUCERO** , and **MURPHY** , Circuit Judges.

Petitioner, a federal prisoner proceeding pro se, requests a certificate of

appealability ("COA") to appeal the denial of his 28 U.S.C. § 2255 petition.

After considering the relevant portions of the record and the district court's order,

we **DENY** Gonzalez-Bartolo's request for a COA and **DISMISS**.

In 2004, Roberto Gonzalez-Bartolo was indicted for illegal reentry of a

previously deported alien under 8 U.S.C. § 1326. On the same day, the United

States filed a Notice of Sentencing Enhancement because Gonzalez-Bartolo had

previously been convicted of the felony of possession of cocaine with intent to

distribute. Gonzalez-Bartolo pled guilty to the charge after acknowledging that

his potential sentence could be up to twenty years in prison, a $250,000 fine, or

both. Because of his prior felony conviction, Gonzalez-Bartolo's guideline range based on a criminal history category of III was 46 to 57 months. On June 4, 2004, the district court sentenced Gonzalez-Bartolo to 41 months of incarceration after granting his motion for a downward departure based on overrepresentation of criminal history.

In September 2004, Gonzalez-Bartolo filed the instant petition in federal district court pursuant to 28 U.S.C. § 2255,[1] in which he alleged ineffective assistance of counsel arising from his defense counsel's failure to contest the district court's enhancement of his sentence because of his prior felony conviction,[2] and in which he claimed that Blakely v. Washington, 124 S.Ct. 2531

---

[1] Gonzalez-Bartolo's § 2255 petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"); therefore, AEDPA's provisions apply to this case. See Rogers v. Gibson, 173 F.3d 1278, 1282 n.1 (10th Cir. 1999) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). AEDPA provides that a petitioner may not appeal a final order in a § 2255 petition unless a COA is granted. 28 U.S.C. § 2253(c)(1)(B). In order to grant a COA, we must conclude that Gonzalez-Bartolo "has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). In order to make such a showing Gonzalez-Bartolo must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted). Because the district court is deemed to have denied Gonzalez-Bartolo a COA under our General Order of October 1, 1996, he may not appeal the district court's decision absent a grant of COA by this court.

[2] Gonzalez-Bartolo's petition also included a vague allegation that his defense counsel showed a lack of interest or otherwise did not competently represent him. Because this allegation lacked any specifics, it is not sufficient to establish the

(continued...)

-2-

(2004), required his resentencing. On appeal, Gonzalez-Bartolo relies on Booker v. United States, 125 S.Ct. 738 (2005), as further support for his second claim that he is entitled to resentencing.

Under Strickland, Gonzalez-Bartolo must show that his counsel's representation falls below an objective standard of reasonableness. In order to prevail, Gonzalez-Bartolo must establish both that his attorney's representation was deficient, and that he was prejudiced by that deficiency. United States v. Kennedy, 225 F.3d 1187, 1197 (10th Cir. 2000) (citing Strickland, 466 U.S. at 687). Because we have held that Blakely and Booker do not apply to the fact of a prior conviction, Gonzalez-Bartolo cannot establish either of the required prongs under Strickland. See United States v. Moore, 401 F.3d 1220, 1224 (10th Cir. 2005). Additionally, as to Gonzalez-Bartolo's second claim, we have held that in light of Booker, Blakely did not announce a watershed rule of criminal procedure such that it would apply retroactively to initial § 2255 motions such as Gonzalez-Bartolo's. United States v. Price, 400 F.3d 844, 845, 849 (10th Cir. 2005).

Accordingly, Gonzalez-Bartolo's application for a COA is **DENIED** and

---

[2](...continued)
showings required under Strickland v. Washington, 466 U.S. 668, 690 (1984), particularly given that the record shows that counsel moved for and obtained a downward departure for his client based on overrepresentation of criminal history.

-3-

the appeal is **DISMISSED**.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge