**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CRAIG L. NICKELS,

    Defendant - Appellant.

No. 05-3168
(D.C. No. 04-CR-40085-01-JAR)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **McKAY** and **HENRY**, Circuit Judges.

---

Nickels appeals the imposition of a statutory mandatory minimum sentence that was triggered based on a prior conviction, arguing that such a sentence is unconstitutional where the prior conviction was neither found by a jury nor admitted by him. As he acknowledges, his argument is foreclosed by the

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

precedent of this court and the Supreme Court.  Exercising jurisdiction under 28 U.S.C. § 1291, we AFFIRM.

## BACKGROUND

On February 3, 2004, officials executed a federal search warrant at Nickels's residence.  The search uncovered a computer containing images of child pornography, along with numerous computer disks containing similar images.  Nickels eventually pled guilty to possession of child pornography.

Nickels's presentence report noted that he had a prior conviction for possession of child pornography.  It further noted that, by statute, the mandatory minimum sentence for Nickels, as a person with such a prior conviction, was 10 years.  See 18 U.S.C. § 2252A(b)(2).  The district court sentenced Nickels to this mandatory minimum term.

## DISCUSSION

On appeal, Nickels argues that the Sixth Amendment requires that a prior conviction may not be used to trigger a statutory mandatory minimum sentence unless the conviction is pled in the indictment and proved beyond a reasonable doubt or admitted by the defendant.  Nickels concedes that we have rejected this proposition in United States v. Moore, 401 F.3d 1220, 1221, 1226 (10th Cir. 2005), but contends that Moore was wrongly decided.  Whatever the strength of Nickels's argument, "[w]e cannot overrule the judgment of another panel of this

court. We are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court." United States v. Nichols, 169 F.3d 1255, 1261 (10th Cir. 1999). We therefore AFFIRM.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge