**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | No. 05-2226 |
| v. | (D. of N.M.) |
| JORGE MARQUEZ-MORALES, | (D.C. No. CR-04-964-JC) |
| Defendant-Appellant. | |

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.[**]

On March 30, 2005, Defendant-Appellant Jorge Marquez-Morales pleaded

guilty to re-entry of a deported alien after an aggravated felony conviction, a

violation of 8 U.S.C. §§ 1326(a)(1), (a)(2) and (b)(2). His presentence report

(PSR) recommended a sixteen-level enhancement based upon his prior conviction

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

for a crime of violence, resulting in a total offense level of 21 under the United States Sentencing Guidelines.

Marquez objected to the PSR on the grounds that his prior conviction was neither admitted nor proved by the government beyond a reasonable doubt. He conceded his argument is foreclosed by *United States v. Almendarez-Torres*, 523 U.S. 224 (1998), but states he is preserving his objection in the event the Supreme Court overrules the case in the future. *See United States v. Moore*, 401 F.3d 1220, 1224 (10th Cir. 2005) (holding that *Almendarez-Torres* is still applicable law, and the fact of a prior conviction need not be admitted by the defendant or proved beyond a reasonable doubt). Accordingly, the district court denied his objection and sentenced him to 57 months in prison.

Marquez bases his objection on the Supreme Court's recent decision in *Shepard v. United States*, 125 S. Ct. 1254, 1263 (2005), where Justice Thomas, in a concurring opinion, expressed his doubts about *Almendarez-Torres*'s continuing viability: "*Almendarez-Torres* . . . has been eroded by this Court's subsequent Sixth Amendment jurisprudence, and a majority of the Court now recognizes that *Almendarez-Torres* was wrongly decided[.]"[1] Despite this uncertainty, we still must follow directly applicable Supreme Court decisions. "Although the Court

---

[1] Tallying the votes of Justices Stevens, Scalia, Thomas, Souter, and Ginsberg.

may overrule *Almendarez-Torres* at some point in the future, it has not done so, we will not presume to do so for the Court, and we are bound by existing precedent to hold that the *Almendarez-Torres* exception to the rule announced in *Apprendi* and extended to the Guidelines in *Booker* remains good law." *Moore*, 401 F.3d at 1224.

Thus, because we are bound by *Almendarez-Torres*, the district court's sentence did not violate the Sixth Amendment even though the judge, not a jury, determined the fact of prior conviction. We therefore AFFIRM the district court's decision.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge