**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 26, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

THOMAS HAROLD DELANA, JR.,

    Defendant-Appellant.

No. 05-6084
(D.C. No. CR-03-6-8-M)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **McKAY** and **HENRY**, Circuit Judges.

A jury convicted Defendant-Appellant Thomas Harold Delana of five

offenses.[1]  The district court found that Mr. Delana was an armed career criminal

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]  The jury convicted Mr. Delana of the following: 1) count one, conspiracy to manufacture or possess with intent to distribute and distribution of fifty or more grams of methamphetamine and five hundred or more grams of a mixture of substance containing a detectable amount of methamphetamine in violation of 21

(continued...)

and enhanced his sentence pursuant to 21 U.S.C. § 841(a)(1) and 18 U.S.C.

§ 924(e)(1), the Armed Career Criminal Act.[2]  On appeal, Mr. Delana alleges that

---

[1](...continued)
U.S.C. § 841(a)(1); 2) count 28, distribution, in or about August 2002, of approximately nine grams of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1); 3) count 38, distribution, on or about October 3, 2002, of a quantity of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1); 4) count 39, knowingly and intentionally, on or about October 8, 2002, attempting to manufacture methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1); and 5) count 40, on or about October 8, 2002, being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

[2]  Title 21, Section 841 of the United States Code provides, in relevant part:
(a) Unlawful acts
Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally--
> (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or
> (2) to create, distribute, or dispense, or possess with intent to distribute or dispense, a counterfeit substance.

(b) Penalties
Except as otherwise provided in section 859, 860, or 861 of this title, any person who violates subsection (a) of this section shall be sentenced as follows:
. . .
If any person commits a violation of this subparagraph . . . after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release and fined in accordance with the preceding sentence.

The Armed Career Criminal Act provides, in relevant part:
> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall

(continued...)

1) he is entitled to be resentenced in light of <u>United States v. Booker</u>, 543 U.S. 220 (2005), because the judge, rather than the jury, found the prior qualifying felonies; and 2) the district court erroneously determined that Mr. Delana's prior convictions were separate and distinct. Mr. Delana acknowledges that his arguments on appeal are foreclosed by our precedent.[3] We agree and therefore affirm the district court's sentence.

## I. BACKGROUND

Prior to Mr. Delana's jury trial, the Government filed an Information to Establish Prior Convictions pursuant to 21 U.S.C. § 851 to invoke the enhanced penalty provisions of § 841(b)(1)(A)(viii). That information alleged that Delana had received three felony drug convictions prior to his conviction for Count 1: 1) possession of amphetamine with intent to deliver in Sebastian County, Arkansas; 2) delivery of amphetamine in Sebastian County, Arkansas; and 3) unlawful possession of CDS (methamphetamine) with the intent to distribute in Sequoyah County, Oklahoma. The information further provided that, upon a showing that

---

[2](...continued)
be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).
18 U.S.C. § 924(e)(1).

[3] Mr. Delana notes that he "urges the issue [in his appeal] to preserve further review" and that he "pursues this appeal to preserve his arguments for a petition for certiorari."

Mr. Delana had received two or more felony drug convictions, the statutorily mandated sentence for this count, pursuant to § 841, was life in prison.

The Government also filed a Notice of Intent to seek enhanced punishment pursuant to 18 U.S.C. § 924(e)(1) for Count 40. This enhancement increased the punishment range of Count 40 from a ten-year maximum to a fifteen-year maximum if the defendant has three previous violent and/or serious drug offense convictions under § 922(g)(1). In the Notice, the Government alleged that Mr. Delana had been previously convicted of at least four prior violent felonies and/or serious drug offenses: the three prior drug convictions listed in the § 851 Information and an escape from a penal institution conviction in Leflore County, Oklahoma.

At the sentencing hearing, Mr. Delana did not dispute the fact that he was the individual convicted of these offenses. Additionally, he conceded that the escape conviction qualified for purposes of establishing whether he should be considered an armed career criminal for purposes of sentencing. However, he raised two objections that are relevant to this appeal: First, he argued that his three prior drug convictions did not meet the criteria required to enhance his sentence because they were "related" in that they were "the same transaction and concurrent sentences." Second, Mr. Delana objected, pursuant to Blakely v. Washington, 542 U.S. 296 (2004), that the convictions being used to qualify him

as an armed career criminal had not been found by a jury in violation of his constitutional rights.

The district court rejected Mr. Delana's argument, instead finding that the three drug convictions "were separate convictions, separate crimes, separate, or different defendants, co-defendants with Mr. Delana and they occurred on different dates." The court therefore concluded that all four convictions (the three drug convictions and the escape conviction) were "viable convictions . . . to support application" of § 841 and § 924. The court then imposed the following sentences to run concurrently: on count 1, life imprisonment based on the statutorily required sentence pursuant to 21 U.S.C. § 841(b)(1)(A); on counts 28, 38, and 39, 360 months' imprisonment based on recommendations contained in the PSR; and, on count 40, 180 months' imprisonment pursuant to 18 U.S.C. § 924(e)(1).

## II. DISCUSSION

Mr. Delana appeals his sentence under 21 U.S.C. §§ 841(b)(1)(A) & 851 and 18 U.S.C. § 924(e)(1), arguing that the district court constitutionally and factually erred in finding his prior convictions to be separate and distinct. However, he correctly "acknowledges [his] arguments are foreclosed by this Court's decisions in United States v. Stiger, [413 F.3d 1185 (10th Cir.), cert. denied, 126 S. Ct. 775 ( 2005)], United States v. Harris, 369 F.3d 1157 (10th

Cir.), cert. denied, 543 U.S. 915 (2004), and United States v. Moore, 401 F.3d 1220 (10th Cir. 2005)."

## A. Booker

Mr. Delana claims that "the district court erred in determining that the convictions relied upon by the Government to enhance [his] sentence pursuant to 21 U.S.C. §841 and § 851 and . . . [§ 924] were separate and distinct convictions" because "the fact of prior conviction is required to be found by [a] jury rather than a sentencing judge."  As we concluded in Moore, however, Almendarez-Torres v. United States, 523 U.S. 224 (1998), remains good law such that "the government need not charge the 'fact' of a prior conviction in an indictment and submit it to a jury."  Moore, 401 F.3d at 1224; see also Stiger, 413 F.3d at 1191 (holding that "the fact that the District Court found that [the defendant] had two prior felony drug convictions does not render his sentence under § 841(b)(1)(A) constitutionally infirm").  Thus, we reject Mr. Delana's Booker argument regarding his enhanced sentence.

## B. District court's factual findings

The district court properly rejected Mr. Delana's contention that his prior drug offenses were "related" for purposes of § 841(b)(1)(A) and § 924(e)(1) because they were "the same transaction and concurrent sentences."  As Mr. Delana acknowledges, we have previously held that "the plain language of

§ 841(b)(1)(A) only requires the existence of 'two or more prior convictions for a felony drug offense,' and there is no exception for cases, such as the one at hand, where concurrent sentences were imposed for two or more separate drug convictions." Harris, 369 F.3d at 1168.  Section 924(e)(1), by its plain language, requires only that the prior convictions be for violent felonies and/or serious drug offenses "committed on occasions different from one another."  18 U.S.C. § 924(e)(1).  As such, the plain language of § 924(e)(1), like § 841(b)(1), makes no exception for cases where concurrent sentences were imposed.  Furthermore, each of the three drug convictions were from separate judgments of conviction based on different crimes, committed on different dates in different counties, and involved different co-defendants.  See Harris, 369 F.3d at 1168 (finding two or more separate convictions for purposes of applying § 841 where the defendant's first alleged prior conviction involved distribution of cocaine in September 1990, the second involved distribution of cocaine in October 1991, and both resulted in separate judgments of conviction and concurrent terms of imprisonment).

The district court therefore properly concluded that Mr. Delana had at least two prior drug convictions and at least three prior convictions for violent and/or serious drug offenses and appropriately sentenced him pursuant to 21 U.S.C. § 841 and 18 U.S.C. § 924.

## III. CONCLUSION

Following clearly established precedent, we AFFIRM the sentence imposed by the district court.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge