**F I L E D**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

TENE CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JOSE ANTONIO LOPEZ-CARRILLO,

      Defendant-Appellant.

No. 05-8078
(D.C. No. 04-CR-125)
(D. Wyo.)

ORDER AND JUDGMENT[*]

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

Jose Antonio Lopez-Carrillo appeals his sentence for illegal reentry of a deported alien. He argues that his sentence violates the Sixth Amendment because the court considered a prior conviction to which Lopez-Carrillo did not admit when imposing sentence. Because Sixth Amendment error does not plague the sentence, we **AFFIRM**.

The government charged Lopez-Carrillo with violating 8 U.S.C. §§ 1326(a)(1) and (b)(2). After being advised by the court that he faced up to

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

twenty years' imprisonment, Lopez-Carrillo pled guilty. The pre-sentence report ("PSR") indicated that the defendant had a prior conviction for sale of narcotics, an aggravated felony, warranting a sixteen-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A). Lopez-Carrillo objected arguing, inter alia, that pursuant to Blakely v. Washington, 542 U.S. 296 (2004), the Sixth Amendment required a jury to find that Lopez-Carrillo had been convicted of an aggravated felony. The district court rejected the argument, applied the enhancement, and sentenced Lopez-Carrillo to 46 months' imprisonment.

After filing an appeal, Lopez-Carrillo and the government agreed, in the wake of United States v. Booker, 543 U.S. 220 (2005), that this case should be remanded for re-sentencing because the district court applied the guidelines in a mandatory fashion. We entered an order remanding this matter for re-sentencing.

At resentencing, the court stated "the guidelines are treated as advisory. . . . To the extent that it is necessary to consider the factors contained in Title 18 United States Code Section 3553, the Court does consider those factors in arriving at what it believes to be a reasonable sentence, and that is what I intend to do today." After considering, at some length, all of the § 3553(a) factors, the court decided, in its discretion, to impose a sentence of 37 months' imprisonment. Lopez-Carrillo appeals, arguing that by considering his prior conviction when reviewing the § 3553(a) factors, and by determining the conviction to be for an

aggravated felony, the district court violated the Sixth Amendment.[1]

Lopez-Carrillo concedes that our decision in United States v. Moore, 401 F.3d 1220 (10th Cir. 2005), forecloses his argument. In Moore, we explicitly held "that the government need not charge the 'fact' of a prior conviction in an indictment and submit it to a jury," id. at 1224, and "that the government need not charge in an indictment and prove to a jury that a defendant's prior conviction constitutes a 'violent felony.'" Id. at 1226. Our decision followed Almendarez-Torres v. United States, 523 U.S. 224 (1998), which held that judicial factfinding pursuant to 8 U.S.C. § 1326(b)(2), the statute at issue in this case, does not implicate the Sixth Amendment. As we said in Moore, the decision in Almendarez-Torres remains good law.

Lopez-Carrillo's sentence was imposed satisfactorily under the Sixth Amendment for another reason as well. The district court, on remand, imposed sentence in the exercise of its discretion. In Booker, the Court made clear that "when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant." Booker, 543 U.S. at 233. As we have previously explained, a court commits constitutional Booker error "by relying upon judge-found facts, other than those of prior convictions, to enhance a defendant's

---

[1] The defendant does not appeal the reasonableness of his sentence.

sentence <u>mandatorily</u>." <u>United States v. Gonzalez-Huerta</u>, 403 F.3d 727, 731 (10th Cir. 2005) (emphasis added). Because the court below applied the guidelines discretionarily, there is no constitutional violation. <u>See, e.g.</u>, <u>United States v. Visinaiz</u>, 428 F.3d 1300, 1316 (10th Cir. 2005) ("<u>Booker</u>, quite clearly, does not prohibit the district court from making factual findings and applying the enhancements and adjustments to Mr. Visinaiz's sentence as long as it did not view or apply the Guidelines as mandatory").

We **AFFIRM** the sentence entered by the court below.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge

4