F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**May 10, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ADRIAN RAMIREZ-VERDIN,

    Defendant-Appellant.

No. 05-4277

(D.C. No. 2:05-CR-279-DS)

(D. Utah)

**ORDER AND JUDGMENT***

Before **HENRY, BRISCOE,** and **O'BRIEN** , Circuit Judges.

Adrian Ramirez-Verdin appeals his sentence for illegal reentry after

deportation, in violation of 8 U.S.C. § 1326.** We exercise jurisdiction pursuant

to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a) and AFFIRM.

On April 27, 2005, Ramirez-Verdin was indicted on one count of illegal

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

** After examining the briefs and appellate record, this panel has
determined unanimously to honor the parties' request for a decision on the briefs
without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case
is therefore submitted without oral argument.

reentry into the United States in violation of 8 U.S.C. § 1326. On the same day, the government filed a Notice of Sentencing Enhancement, notifying Ramirez-Verdin that his sentence would be enhanced based on a prior felony conviction pursuant to 8 U.S.C. § 1326(b), and that the offense carried a maximum penalty of twenty years' imprisonment, a $250,000 fine, or both. On June 29, 2005, pursuant to a written plea agreement, Ramirez-Verdin pleaded guilty to the sole count of the indictment, which charged him with violation of 8 U.S.C. § 1326. He acknowledged in the Statement by Defendant in Advance of Plea of Guilty that the maximum penalty for violation of 8 U.S.C. § 1326 was a term of imprisonment of up to twenty years, a fine of $250,000, or both, as well as a term of supervised release up to thirty-six months.

The base offense level for unlawfully entering or remaining in the United States is eight. U.S.S.G. § 2L1.2. The presentence report revealed that Ramirez-Verdin had been previously deported after a drug trafficking conviction. This triggered a sixteen-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A) and resulted in a total offense level of twenty-one. Ramirez-Verdin had a criminal history category of V and received a three-point adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. Based on this information, the presentence report calculated a guideline range of seventy to eighty-seven months. U.S.S.G. § 5A.

Ramirez-Verdin did not object to the presentence report, and instead urged the court to consider his difficult family circumstances and other mitigating factors in imposing sentence. On September 20, 2005, the district court sentenced Ramirez-Verdin to seventy-eight months' imprisonment followed by thirty-six months' supervised release. The district court entered judgment on October 6, 2005, and Ramirez-Verdin timely filed this appeal.

Ramirez-Verdin now argues the district court erred in sentencing him to a term of imprisonment exceeding the maximum penalty for the offense of illegal reentry. He contends the government charged him with a violation of § 1326(a) and alleged only that he had been found in the United States after having been previously deported, and that the offense carries a maximum term of imprisonment of two years.[1] He argues that the district court's reliance on a prior conviction to enhance his sentence was in error because the indictment did not allege that he had been convicted previously of an aggravated felony.

Because Ramirez-Verdin raises these arguments for the first time on appeal,

---

[1] We note that Ramirez-Verdin's statement of facts erroneously states that he was charged with violation of 8 U.S.C. § 1326(a) and that he entered a plea of guilty to that charge. The indictment, Statement by Defendant in Advance of Plea of Guilty, and the transcript of Ramirez-Verdin's guilty plea all indicate he was charged with and pleaded guilty to a violation of 8 U.S.C. § 1326, not 8 U.S.C. § 1326(a). ROA, Vol. I, Doc. 1 at 1-2, Doc. 7 at 1; ROA, Vol. II at 6.

we review only for plain error.[2]  See United States v. Gonzalez-Huerta, 403 F.3d 727, 732 (10th Cir. 2005) (en banc).  "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings."  Id. (internal quotation marks omitted).

Ramirez-Verdin's appeal has no merit.  The Supreme Court has held that a prior conviction is not an element of a § 1326 unlawful entry offense, and thus, a prior conviction need not be alleged in the indictment.  Almendarez-Torres v. United States, 523 U.S. 224, 246-47 (1998).  The Supreme Court's decisions in Booker,[3] Blakely,[4] and Apprendi[5] have not altered this principle.  See United States v. Moore, 401 F.3d 1220, 1223-24 (10th Cir. 2005).  While some justices

---

[2] Ramirez-Verdin urges this court to review his sentence de novo because, he contends, the district court committed "jurisdictional error" when the court sentenced him for an offense for which he had not been charged or convicted. This argument fails.  A grand jury charged Ramirez-Verdin with one count of illegal reentry into the United States in violation of 8 U.S.C. § 1326, he pleaded guilty to that charge, and the district court sentenced him for that crime.  Even if we were to employ a de novo review, Ramirez-Verdin's claim nevertheless fails because the district court committed no error of law in relying on his prior conviction to enhance Ramirez-Verdin's sentence.  See infra.

[3] United States v. Booker, 543 U.S. 220 (2005).

[4] Blakely v. Washington, 542 U.S. 296 (2004).

[5] Apprendi v. New Jersey, 530 U.S. 466 (2000).

have expressed reservations as to the correctness of <u>Almendarez-Torres</u>,[6] the Supreme Court has not overruled the decision, and it is not our place to do so. <u>Id.</u> ("Although the Court may overrule <u>Almendarez-Torres</u> at some point in the future, it has not done so, we will not presume to do so for the Court, and we are bound by existing precedent to hold that the <u>Almendarez-Torres</u> exception to the rule announced in <u>Apprendi</u> and extended to the Guidelines in <u>Booker</u> remains good law."). Accordingly, where the defendant is charged with violation of 8 U.S.C. § 1326, the government need not also charge in the indictment and prove to a jury the fact of defendant's prior conviction before the prior conviction can be used to enhance the defendant's sentence under 8 U.S.C. § 1326(b). <u>Id.</u>

The district court's sentence is AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

---

6 <u>Shepard v. United States</u>, 544 U.S. 13, 27 (2005) (Thomas, J., concurring) ("[A] majority of the Court now recognizes that <u>Almendarez-Torres</u> was wrongly decided."); <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 489 (2000) ("[I]t is arguable that <u>Almendarez-Torres</u> was incorrectly decided . . . ."); <u>Almendarez-Torres</u>, 523 U.S. at 249 (Scalia, J., dissenting) (arguing that § 1326(a), illegal reentry, and § 1326(b)(2), illegal reentry after conviction of an aggravated felony, are separate criminal offenses, and because prior conviction of an aggravated felony is an element of the latter offense, it must be charged in the indictment; Justices Stevens, Souter, and Ginsburg joined in the dissent).