**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 12, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

MIGUEL RAMOS-DURAN, also
known as Jerry Garcia, also known as
Jose Luis Duran, also known as Jerry
Domingues, also known as Jose Luis
Ramos Duran, also known as Miguel
Ramos Duran, also known as Luis
Miguel Mendoza, also known as Jose
Luis Ramos, also known as Salvador
Velez, also known as Mario Ramos,
also known as Miguel Ramos, also
known as Miguel D. Ramos, also
known as Miguel Duran Ramos, also
known as Mario Godina, also known
as Sporty Velez, also known as
Salvador Salcido Jr. Velez,

      Defendant-Appellant.

No. 05-4210
(District of Utah)
(D.C. No. 2:05-CR-253-TS)

**ORDER AND JUDGMENT**[*]

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **MURPHY**, **SEYMOUR** and **McCONNELL**, Circuit Judges.

After examining the briefs and appellate record, the panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is, therefore, ordered submitted without oral argument.

Defendant-Appellant Miguel Ramos-Duran was charged with, and pleaded guilty to, one count of illegal reentry following deportation, in violation of 8 U.S.C. § 1326. Ramos-Duran was sentenced to fifty-seven months' imprisonment, based in part on a sixteen-level enhancement for previous deportation after a conviction for a crime of violence—unlawful sexual abuse of a minor. *See* United States Sentencing Guidelines Manual § 2L1.2(b)(1)(A)(ii). Ramos-Duran challenges the application of the sixteen-level enhancement in calculating his sentence. We assert jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and **affirm**.

The statutory maximum for illegal reentry is two years' imprisonment. 8 U.S.C. § 1326(a). Nevertheless, Ramos-Duran had previously been deported after conviction for an aggravated felony. Thus, under § 1326(b)(2), he was subject to a maximum penalty of twenty years' imprisonment. Ramos-Duran's indictment, however, did not allege he had previously been convicted of an aggravated

felony.[1]  Ramos-Duran asserts that, pursuant to the Sixth Amendment, the government was required to allege his prior conviction in the indictment because the prior conviction was used to increase his sentence above the prescribed statutory maximum.  We review constitutional challenges to a sentence *de novo*. *United States v. Angelos*, 433 F.3d 738, 754 (10th Cir. 2006).

In *Almendarez-Torres v. United States*, the Supreme Court addressed whether a violation of § 1326(b)(2) constitutes a separate crime that must be charged in an indictment.  523 U.S. 224, 228–235 (1998).  Noting that Congress intended the existence of a prior conviction to be a sentencing factor, not an element of the crime, the Court concluded the fact of a prior conviction need not be charged in the indictment.  *Id*. at 226, 235.  The Court subsequently held, in *Apprendi v. New Jersey*, that any fact which increases a sentence beyond the statutory maximum must be charged in an indictment and proved to a jury beyond a reasonable doubt.  530 U.S. 466, 490 (2000).  The Court, however, carved out an exception for prior convictions.  *Id*.; *see also United States v. Dorris*, 236 F.3d 582, 587–88 (10th Cir. 2000) (concluding *Apprendi* did not overrule *Almendarez-Torres*).  In doing so, the Court explained a sentencing enhancement based on a prior conviction does not implicate the same concerns as other enhancements because prior convictions are "entered pursuant to proceedings with substantial

_____

[1]Ramos-Duran did admit to a prior conviction for unlawful sexual abuse of a minor in his plea colloquy.

-3-

procedural safeguards of their own." *Apprendi*, 530 U.S. at 488. The exception for prior convictions was reaffirmed in *United States v. Booker*. 543 U.S. 220, 244 (2005) ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."); *see also United States v. Moore*, 401 F.3d 1220, 1223 (10th Cir. 2005) (concluding *Booker* did not overrule *Almendarez-Torres*). Thus, under current Supreme Court precedent the fact of a prior conviction need not be charged in an indictment, submitted to a jury, or admitted by the defendant to increase a defendant's sentence beyond the statutory maximum for the crime charged.

Ramos-Duran acknowledges *Almendarez-Torres*, but notes the Supreme Court has questioned its continued validity. *See Shepard v. United States*, 544 U.S. 13, 27 (2005) (Thomas, J., concurring in part and concurring in the judgment) (noting "*Almendarez-Torres* . . . has been eroded by this Court's subsequent Sixth Amendment jurisprudence, and a majority of the Court now recognizes that *Almendarez-Torres* was wrongly decided"); *Apprendi*, 530 U.S. at 489 (observing "it is arguable that *Almendarez-Torres* was incorrectly decided"). As this court recently observed, however, "[a]lthough the Court may overrule *Almendarez-Torres* at some point in the future, it has not done so, we will not presume to do so for the Court, and we are bound by existing precedent to hold

-4-

that the *Almendarez-Torres* exception to the rule announced in *Apprendi* and extended to the Guidelines in *Booker* remains good law." *Moore*, 401 F.3d at 1224. Ramos-Duran nonetheless wishes to preserve this issue for appeal to the Supreme Court, and he has done so.

Ramos-Duran also claims the district court lacked jurisdiction to impose a sentence in excess of the two-year maximum authorized by 8 U.S.C. § 1236(a). He argues the district court's subject matter jurisdiction was limited by the crime charged in the indictment. The indictment, however, charged Ramos-Duran with violating 8 U.S.C. § 1236, not a particular subsection of the statute. Moreover, as discussed above, the government was not required to allege Ramos-Duran's prior conviction in the indictment to permit the district court to sentence him beyond the statutory maximum provided in § 1236(a). In any event, "the failure of an indictment to allege an essential element of a crime does *not* deprive a district court of subject matter jurisdiction." *United States v. Prentiss*, 256 F.3d 971, 981 (10th Cir. 2001) (en banc).

For the foregoing reasons, Ramos-Duran's sentence is **AFFIRMED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge