**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**November 13, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

GARY OBRY TAYLOR,

    Defendant - Appellant.

No. 05-5200
(N. D. Oklahoma)
(D.Ct. No. 05-CR-47-01-CVE)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Gary Obry Taylor appeals an armed career criminal sentence imposed after his plea of guilty to possession of a firearm by a convicted felon in violation of

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

18 U.S.C. § 922(g)(1) and 924(e). We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a) and affirm.

On March 10, 2005, Taylor was indicted on four counts: possession of a firearm by a convicted felon (Counts 1 and 3), and possession of a stolen firearm (Counts 2 and 4).[1] The indictment listed multiple prior felony convictions as part of Counts 1 and 3.

Taylor pled guilty to all counts. During the change of plea hearing, the district court informed Taylor that Counts 1 and 3 included the enhanced penalties set forth in 18 U.S.C. § 924(e), the Armed Career Criminal Act (ACCA). The district court also advised Taylor of the mandatory minimum fifteen-year sentence for these counts and ensured he understood the effect of his jury trial waiver.

A presentence report (PSR) was prepared, showing a base offense level of 24. Two levels were added under USSG § 2K2.1(b)(4) because the firearms were stolen. The PSR also identified more than three violent felonies and therefore categorized Taylor as an armed career criminal for sentencing purposes on Counts 1 and 3, pursuant to USSG § 4B1.4. This resulted in a base offense level of 33. Taylor received a reduction of three levels for acceptance of responsibility, resulting in a total offense level of 30. His criminal history category was VI.

---

[1] Taylor is not challenging his sentence on Counts 2 and 4. Those counts involved violations of 18 U.S.C. §§ 922(j) and 924(a)(2).

The sentencing guideline range was 168 to 210 months.

Taylor objected to the sentence being increased under 18 U.S.C. § 924(e). During the sentencing hearing on October 6, 2005, the district court reviewed Taylor's objections and overruled them. The district court acknowledged the advisory nature of the guidelines and considered them along with the factors set forth in 18 U.S.C. § 3553(a). The court found "a sentence at the high end of the guideline range is reasonable in this case due to [Taylor's] extensive criminal history that includes several violent offenses and spanning [Taylor's] entire adult life." (R. Vol. IV at 12.) The court sentenced Taylor to 210 months on Counts 1 and 3, and 120 months on Counts 2 and 4, with all terms running concurrently.

On appeal, Taylor challenges his sentence on Counts 1 and 3. He argues the Fifth and Sixth Amendments prohibit increasing his sentence under the ACCA unless a jury finds beyond a reasonable doubt that the prior convictions were for violent felonies. Taylor does not challenge the existence of the prior convictions; he acknowledges that by pleading guilty he admitted to have committed those felonies set forth in the indictment. Instead, Taylor challenges what he deems the district court's factual finding that they were violent felonies as defined by the ACCA.

Taylor's argument is precluded by our decision in *United States v. Moore*, which he acknowledges. 401 F.3d 1220 (10th Cir. 2005). In *Moore*, we held the determination as to whether a particular felony constitutes a violent one is a

question of law. *Id.* at 1224-26. Therefore, "the Sixth Amendment does not require that determination to be made by a jury." *Id.* at 1225. Taylor's argument recasting the finding as a question of fact, in an attempt to create a Fifth or Sixth Amendment violation, is without merit.

AFFIRMED.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge