**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

LUCIO CONTRERAS-VIERAS,

      Defendant - Appellant.

No. 09-1445
(D. Colo.)
(D.C. No. 1:09-CR-00178-PAB-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Circuit Judge, **TACHA**, and **O'BRIEN**, Circuit Judges.

---

The parties have waived oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). This case is submitted for decision on the briefs.

Lucio Contreras-Vieras pled guilty to illegally reentering the United States after deportation subsequent to an aggravated felony conviction in violation of 8 U.S.C. § 1326(a) and (b)(2). Because of a prior drug trafficking conviction he received an increased sentence—46 months of imprisonment. The apparent purpose of this appeal is

---

[*] This order and judgment is an unpublished decision, not binding precedent. 10th Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1. It is appropriate as it relates to law of the case, issue preclusion and claim preclusion. Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A). Citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished). *Id*.

to preserve a challenge to settled law. We affirm.

## I.     BACKGROUND

In 1993 Contreras-Vieras was convicted in California state court of receiving stolen property in violation of California Penal Code § 496(1) and sentenced to 16 months imprisonment. He was again convicted in 1996 of Possession for Sale of a Controlled Substance in violation of California Health and Safety Code § 11378 and sentenced to 16 months imprisonment. On or about November 26, 1996, Contreras-Vieras was deported. He illegally reentered the United States in 2001.

On April 20, 2009, Contreras-Vieras was indicted in federal court for illegal reentry of a deported alien subsequent to an aggravated felony conviction in violation of 8 U.S.C. § 1326(a) and (b)(2). He pled guilty and a probation officer prepared a presentence report (PSR).[1] The probation officer determined Contreras-Vieras' base offense level was 8. *See* USSG §2L1.2(a). Because he was convicted of a felony drug trafficking offense in California and the sentence for that offense exceeded 13 months, the total offense level was automatically increased 16 levels to 24. *See* USSG §2L1.2(b)(1)(A). He also received a three level reduction for acceptance of responsibility. *See* USSG §3E1.1. Based on an offense level of 21 and a criminal history category of III, the probation officer calculated the guideline range to be 46 to 57 months imprisonment. The PSR did not identify any factors warranting a departure or a variance from the guideline range.

---

[1] The probation officer used the 2008 edition of the sentencing guidelines.

Contreras-Vieras objected to the 16-level enhancement based on his previous drug conviction. He admitted USSG § 2L1.2(b)(1)(A) required a 16-level increase to the base offense level if he was previously convicted of a "drug trafficking offense for which the sentence imposed exceeded 13 months" and admitted he was convicted of such offense. (R. Vol. I at 54) He argued, however, that the enhancement was improper because this prior conviction had not been alleged in the indictment.

The district court rejected this argument, noting it was counter to decisions of the United States Supreme Court and this Court. It cited *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and quoted *United States v. Moore*, 401 F.3d 1220 (10th Cir. 2005), for the proposition that "the government need not charge the 'fact' of a prior conviction in an indictment and submit it to a jury." (R. Vol. II at 32.)

## II.    DISCUSSION

A previously deported alien is prohibited from returning to the United States without permission. 8 U.S.C. § 1326(a). Subsection (b)(2) of that same statute authorizes a maximum term of imprisonment of 20 years for the illegal reentry of a previously deported alien "whose removal was subsequent to a conviction for commission of an aggravated felony." 8 U.S.C § 1326(b)(2). In *Almendarez-Torres*, the Supreme Court considered whether subsection (b)(2) constituted a separate crime that had to be charged in the indictment or rather a penalty provision which was not required to be mentioned in the indictment. The Court concluded it was the latter:

> We conclude that . . . subsection [(b)(2)] is a penalty provision, which
> simply authorizes a court to increase the sentence for a recidivist. It does
> not define a separate crime. Consequently, neither the statute nor the

- 3 -

Constitution requires the Government to charge the factor that it mentions, an earlier conviction, in the indictment.

*Almendarez-Torres*, 523 U.S. at 226-27. It is not our place to second guess the Supreme Court or the prior decisions of this Court.

Contreras-Vieras recognizes "[t]his Court . . . is bound by *Almendarez-Torres*[] . . . and by the doctrine of stare decisis" but challenges that precedent solely "to preserve [his disagreement with this precedent] for potential further review." (Appellant's Br. at 7.) He argues that "[c]urrent jurisprudence has eroded the validity of *Almendarez-Torres*" and notes that Justice Thomas has stated a "'majority of th[e Supreme] Court now recognizes that *Almendarez-Torres* was wrongly decided.'" (*Id.* at 7, 12 (quoting *Shepard v. United States,* 544 U.S. 13, 27 (2005) (Thomas, J., concurring)).)

Contreras-Vieras' brief recognizes in *Moore* we rejected the same challenge he now raises. 401 F.3d at 1224. "[W]e are bound by existing precedent to hold that the *Almendarez-Torres* exception to the rule announced in *Apprendi*[2] and extended to the Guidelines in *Booker*[3] remains good law." *Id.*

---

[2] In *Apprendi v. New Jersey,* the Court held generally that the Sixth Amendment requires any fact increasing a sentence beyond the statutory maximum to be submitted to a jury and proved beyond a reasonable doubt, but excepted from this rule the fact of a prior conviction thereby leaving intact *Almendarez-Torres*. 530 U.S. 466, 489-90 (2000).

[3] *United States v. Booker* extended *Apprendi* to the federal sentencing guidelines. 543 U.S. 220, 244 (2005). To remedy the constitutional infirmity of the guidelines, Booker invalidated their mandatory nature, requiring the district court to consult them in an advisory fashion. *Id*. at 245 (severing and excising 18 U.S.C. §§ 3553(b)(1), 3742(e)). Notably, the majority in *Booker* did not mention, much less overrule, *Almendarez-Torres*.

**AFFIRMED.**

Entered by the Court:

**Terrence L. O'Brien**
United States Circuit Judge