**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 3, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALFONSO ARMENTA-
ARREDONDO, also known as
Geronimo Alfonso Armenta,

Defendant - Appellant.

No. 04-1325

(D. Colorado)

(D.C. No. 04-CR-006-RB)

**ORDER AND JUDGMENT** *

Before **TACHA,** Chief Circuit Judge , **HARTZ** , and **TYMKOVICH** , Circuit
Judges.

Alfonso Armenta-Arredondo pleaded guilty to a one-count indictment

charging a violation of 8 U.S.C. § 1326(a) and (b)(2), illegal reentry after being

previously deported following conviction for an aggravated felony. The

---

*After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

presentence investigation report (PSR) suggested a base offense level of eight, a three-level downward adjustment for acceptance of responsibility, and a 12-level increase under United States Sentencing Guidelines (USSG) § 2L1.2(b)(1)(B) for a prior felony drug-trafficking conviction. Mr. Armenta-Arredondo objected to application of the enhancement, arguing that he was a juvenile at the time of the conviction. In the alternative, he moved for a downward departure on the basis that his criminal history was overrepresented. The district court denied the objection and the departure motion, and sentenced him to 27 months' imprisonment, the bottom of the guidelines range. He now appeals his sentence, contending that (1) the district court misinterpreted the guidelines in applying the 12-level enhancement, and (2) remand for resentencing is required under *Booker v. United States*, 543 U.S. 220 (2005). We affirm.

## I. INTERPRETATION OF GUIDELINE

USSG § 2L1.2(b)(1)(B) states: "If the defendant previously was deported . . . after . . . a conviction for a felony drug trafficking offense for which the sentence imposed was 13 months or less, increase by 12 levels." This provision, however, "does not apply to a conviction for an offense committed before the defendant was eighteen years of age unless such conviction is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted." *Id.* cmt. n.1(A)(iv).

On May 26, 1987, Mr. Armenta-Arredondo was sentenced in California for sale or transportation of marijuana. The PSR indicated that Mr. Armenta-Arredondo "reports that he was tried as an adult as he claimed to be 21 years old at the time of his arrest." R. Vol. IV. at 5. At sentencing, his counsel stated that he "sustained a conviction when he said he was 21 years old, but he was really 15." R. Vol. II at 5. Although the district judge was "cynical," *id*. at 8, he inspected a birth certificate showing that Mr. Armenta-Arredondo was 15 at the time of the conviction, found it to be self-authenticating under Fed. R. Evid. 902(4), and admitted it into evidence. The district judge then ruled that the record showed that Mr. Armenta-Arredondo was convicted and sentenced as an adult in California, and that he could not collaterally attack that conviction in federal court. The plain language of the guidelines, the district judge said, required application of the 12-level enhancement. We agree.

We recently held that "with the exception of a collateral attack based on the complete denial of counsel, a district court sentencing a defendant under 8 U.S.C. § 1326(b)(2) and USSG § 2L1.2(b)(1)(A) cannot consider a collateral attack on a prior conviction." *United States v. Delacruz-Soto*, 414 F.3d 1158, 1167 (10th Cir. 2005). Mr. Armenta-Arredondo does not dispute that he was represented by counsel. Instead, he contends that he is not attacking the validity of his prior conviction, only its classification as an adult conviction. He asserts that at the

time of his conviction there was no provision in California law whereby a 15-year-old child could be tried as an adult for a marijuana sale. That may be true, but regardless of how he characterizes his argument, he is attacking the validity of his prior conviction. If he was only 15, then, by his own argument, he could not have been tried as an adult and his conviction would be invalid. That issue, however, has never been put before the courts of California. The birth certificate presented to the district court does nothing more than show that he might have a valid basis on which to attack his prior conviction, but he must do so in a California court. The district court did not err in applying the 12-level enhancement.

## II.   *BOOKER v. UNITED STATES*

Mr. Armenta-Arredondo's opening brief argued that his sentence was unconstitutional under *Blakely v. Washington*, 542 U.S. 296 (2004). The Supreme Court then decided *Booker v. United States*, 543 U.S. 220 (2005), which was addressed by the government in a supplemental brief and by Mr. Armenta-Arredondo in his reply brief. Neither *Blakely* nor *Booker* was raised below. Our review is therefore for plain error.

This case involves what this court has identified as nonconstitutional *Booker* error. *See United States v. Gonzalez-Huerta*, 403 F.3d 727, 731-32 (10th Cir. 2005). That is, the district court's only error was in "applying the Guidelines

-4-

in a mandatory fashion, as opposed to a discretionary fashion, even though the resulting sentence was calculated solely upon facts that were admitted by the defendant, found by the jury, or based upon the fact of a prior conviction." *Id.* at 731-32. The district court was called upon to determine whether Mr. Armenta-Arredondo's prior conviction was classified as an adult conviction by California, but this was a question for the court, not the jury. *See United States v. Moore*, 401 F.3d 1220, 1225 (10th Cir. 2005) (whether prior conviction was a violent felony is question for court). The court made no other findings that enhanced the sentence.

"Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Gonzalez-Huerta*, 403 F.3d at 732 (internal quotation marks omitted). Nonconstitutional error calls for a more rigid application of the plain-error test. *United States v. Dazey*, 403 F.3d. 1147, 1174 (10th Cir. 2005) ("We conduct this analysis less rigidly when reviewing a potential constitutional error." (internal quotation marks omitted)).

The first two prongs of the plain-error test are satisfied when the sentencing judge applied the guidelines in a mandatory fashion. *Gonzalez-Huerta*, 403 F.3d at 732. The defendant's burden on the third prong is to show that the error affected the outcome of the proceeding. *Id.* In cases of

nonconstitutional error this can be done only by "demonstrating a reasonable probability that, under the specific facts of his case as analyzed under the sentencing factors of 18 U.S.C. § 3553(a), the district court judge would reasonably impose a sentence outside the Guidelines range." *Dazey*, 403 F.3d at 1175; *see also United States v. Clifton*, 406 F.3d 1173, 1181 (10th Cir. 2005) ("[A] defendant can show a non-constitutional *Booker* error affected substantial rights with evidence of (1) a disconnect between the § 3553(a) factors and his sentence, and (2) the district court's expressed dissatisfaction with the mandatory Guidelines sentence in his case.").

Whether the district judge would impose a sentence below the guidelines range is also a key consideration under the fourth prong of the plain-error test. *United States v. Lawrence*, 405 F.3d 888, 907 (10th Cir. 2005) ("Whether the district court would simply reimpose the same sentence on remand, or whether instead the sentence would likely change to a significant degree if the case were returned to the district court for discretionary resentencing, is one factor to consider in determining whether the defendant can satisfy the fourth plain-error prong." (internal quotation marks and brackets omitted)). The fourth prong of the plain-error test places an exceptionally high burden on the defendant. *Dazey*, 403 F.3d at 1178 (defendant must make an "exceptional showing" before nonconstitutional-error case will be remanded). "In an instance of non-

constitutional error the standard for satisfying the fourth prong of the plain error test is demanding. A party that fails to raise an argument in the district court must show that allowing a non-constitutional error to stand would be particularly egregious and would constitute a miscarriage of justice." *Id*. (internal quotation marks and citation omitted). Because the fourth prong imposes such a high burden, our *Booker* plain-error cases are often resolved on this prong rather than the third. *Gonzalez-Huerta*, 403 F.3d at 736 ("We need not determine whether Mr. Gonzalez-Huerta can satisfy this burden because even if he were to meet the third prong, he must also satisfy the fourth prong to obtain relief.").

Mr. Armenta-Arredondo has not satisfied the fourth prong. Nothing in the record indicates that the district judge would impose a lower sentence on remand. He stated that "in preparing a fair and just sentence" he had considered all necessary factors, including those set forth in 18 U.S.C. § 3551. R. Vol. II at 15. The judge rejected Mr. Armenta-Arredondo's motion for a downward departure on the basis that his criminal history was overrepresented because he had been considered an adult in California, no other argument has been presented why a lower sentence would be justified, and the judge expressed no misgivings about the sentence. In this circumstance, "remand would be an exercise in futility." *United States v. Magallanez*, 408 F.3d 672, 686 (10th Cir. 2005). Mr. Armenta-Arredondo has failed to show that the mandatory application of the

guidelines "affect[ed] the fairness, integrity, or public reputation" of his sentencing. *Gonzalez-Huerta*, 403 F.3d at 732 (internal quotation marks omitted).

## III.   CONCLUSION

We affirm the judgment of the district court.

Entered for the Court


Harris L Hartz
Circuit Judge