**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 20, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

　　　　Plaintiff-Appellee,

v.

JOSE PABLO GARCIA,

　　　　Defendant-Appellant.

No. 05-2144

(D. New Mexico)

(D.C. Nos. CV-05-0240 JP/WDS;
CR-04-803 JP)

---

**ORDER**

---

Before **HENRY**, **BRISCOE**, and **O'BRIEN,** Circuit Judges.

---

Jose Pablo Garcia, a federal prisoner proceeding pro se, seeks a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. Mr. Garcia was convicted after a guilty plea of unlawfully reentering the United States after a conviction of an aggravated felony, a violation of 8 U.S.C. § 1326(a)(1), (2), and (b)(2). The district court sentenced him to 46 months' imprisonment.

Mr. Garcia now argues that the district court's reliance on a prior conviction to enhance his sentence violated his Sixth Amendment rights under United States v. Booker, 543 U.S. 220 (2005), Blakely v. Washington, 542 U.S. 296 (2004), and Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), because the government did

not allege the prior conviction in the indictment and did not submit to the jury the issue of existence of the prior conviction.

In order to obtain a COA, Mr. Garcia must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He may make this showing by demonstrating that "'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

Mr. Garcia has not made the necessary showing. As the district court observed, in Almendarez-Torres v. United States, 523 U.S. 224, 246-47 (1998), the Supreme Court held that a prior conviction is not an element of a § 1326 unlawful entry offense, and that, as a result, a prior conviction need not be alleged in the indictment. The Supreme Court's decisions in Booker, Blakely, and Apprendi have not altered this principle. Indeed, this circuit had held post-Booker that the existence and classification of prior convictions used to enhance a defendant's sentence need not be charged in the indictment and submitted to a jury. See United States v. Moore, 401 F.3d 1220, 1224 (10th Cir. 2005) ("[W]e are bound by existing precedent to hold that the Almendarez-Torres exception to the rule announced in Apprendi and extended to the Guidelines in Booker remains good

law . . . . We therefore conclude that the government need not charge the 'fact' of a prior conviction in an indictment and submit it to a jury.").

Moreover, Mr. Garcia did not file a direct appeal and he may therefore not pursue this claim in a § 2255 proceeding. See United States v. Cox, 83 F.3d 336, 341 (10th Cir. 1996) (stating that, when a petitioner "fails to raise an issue on direct appeal, he is barred from raising the issue in a § 2255 proceeding, unless he establishes either cause excusing the procedural default and prejudice resulting from the error, or a fundamental miscarriage of justice if the claim is not considered "). Additionally, to the extent that his claim is based on Booker, we note that that case was decided after Mr. Garia's conviction became final and that "Booker does not apply retroactively on collateral review." United States v. Bellamy, 411 F.3d 1182, 1188 (10th Cir. 2005).

Accordingly, we DENY Mr. Garcia's application for a COA and DISMISS this appeal.

Entered for the Court,


Robert H. Henry
United States Circuit Judge

-3-