**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 12, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JAVIER CRUZ-NAVARRO,

Defendant-Appellant.

No. 05-4278

(D.C. No. 2:05-CR-319-DS)

(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY,** and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f). The case is therefore submitted without oral argument.

Appellant pleaded guilty to one count of illegally reentering the United States in violation of 8 U.S.C. § 1326. He was sentenced to forty-six months' imprisonment, and judgment was entered by the district court on October 6, 2005. Appellant filed a timely notice of appeal.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

When Appellant was indicted, he was notified that his sentence would be enhanced based on his prior aggravated felony conviction and that this would result in a sentence of imprisonment of not more than twenty years, pursuant to 8 U.S.C. § 1326(b). He entered a plea of guilty based on a written plea agreement. In his statement in advance of the plea, Appellant acknowledged that the maximum term of imprisonment was twenty years. The presentence report indicated that Appellant had been previously deported after being convicted for a felony crime of violence, which triggered a sixteen-level enhancement under United States Sentencing Guidelines § 2L1.2(b)(1)(A). The presentence report, taking into account Appellant's acceptance of responsibility, concluded that the applicable guideline range was forty-six to fifty-seven months. Appellant did not object to the presentence report.

Appellant argues on appeal that the district court erred when it sentenced him to a term of imprisonment that exceeds the maximum penalty for the offense of conviction–illegal reentry following deportation–pursuant to 8 U.S.C. § 1326(a). Because Appellant did not raise this argument to the district court, we review for plain error. *United States v. Malone*, 222 F.3d 1286, 1292 (10th Cir. 2000). To establish plain error, Appellant "must show: (1) an error, (2) that is plain, which means clear or obvious under current law, and (3) that affect[s] substantial rights." *United States v. Whitney*, 229 F.3d 1296, 1308 (10th Cir. 2000) (internal quotation omitted). If Appellant satisfies the first three elements,

"we may exercise discretion to correct the error if it seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id*. (internal quotation omitted). As we do not conclude that Appellant has established error, we do not reach the remaining elements.

Appellant contends that his sentence of forty-six months' imprisonment is illegal because it exceeds the maximum penalty for the crime. Although it is true that Appellant pleaded guilty to violating § 1326(a) which carries a maximum penalty of two years' imprisonment, the maximum penalty increases to twenty years if the defendant has a prior aggravated felony conviction under § 1326(b). Since Appellant had been previously convicted of an aggravated felony, the district court properly applied the sixteen-level sentencing enhancement.

The United States was not required to allege Appellant's prior aggravated felony conviction in the indictment for § 1326(b) to apply. In *Almendarez-Torres v. United States*, 523 U.S. 224, 247 (1998), the Supreme Court ruled that the existence of a prior conviction is merely a sentencing factor, not a separate element of the offense that must be pled in an indictment charging a violation of 8 U.S.C. § 1326. We have recently held that *Almendarez-Torres* remains good law after the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). *See United States v. Moore*, 401 F.3d 1220, 1223-24 (2005) (noting that the *Booker* majority "explicitly confirmed the prior conviction exception").

Consequently, we **AFFIRM** the district court's sentence and judgment.

Entered for the Court

Monroe G. McKay
Circuit Judge