**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Roberto CABALLERO–ROBLES, also known as Fernando Caballero–Robles, also known as Fernando C. Robles, also known as Roberto Caballero Robles, Defendant–Appellant.**

No. 05–4288.

United States Court of Appeals,
Tenth Circuit.

Oct. 3, 2006.

Karin M. Fojtik, Office of the United States Attorney, Salt Lake City, UT, for Plaintiff–Appellee.

Kent R. Hart, Federal Public Defender for Utah, Salt Lake City, UT, for Defendant–Appellant.

Before MURPHY, SEYMOUR, and McCONNELL, Circuit Judges.

## ORDER AND JUDGMENT *

MICHAEL R. MURPHY, Circuit Judge.

### I. Introduction

Roberto Caballero–Robles pleaded guilty to one count of illegally reentering the United States in violation of 8 U.S.C. § 1326. The United States District Court for the District of Utah sentenced him to forty-six months' imprisonment and three years' supervised release. Caballero–Robles appeals, contending the district court's sentencing decision was in error. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a) and **affirm** the district court.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

## II. Background

In April 2005, law enforcement officials in Weber County, Utah arrested Caballero–Robles. A special agent from the Bureau of Immigration and Customs Enforcement ("ICE") placed a detainer on Caballero–Robles after a records-check revealed he was in the country illegally. While in ICE custody, Caballero–Robles told an agent he was a native and citizen of Mexico and had entered the United States illegally at Douglas, Arizona in March 2005.

On June 8, 2005, a grand jury charged Caballero–Robles with one count of illegally reentering the United States in violation of 8 U.S.C. § 1326. The government notified Caballero–Robles of its intent to seek an enhanced sentence, pursuant to 8 U.S.C. § 1326(b), based on his 1998 conviction in Utah state court for sexual abuse of a child. Section 1326(b)(2) provides for a maximum sentence of twenty years for persons whose removal from the country was subsequent to a conviction for commission of an aggravated felony.

Caballero–Robles pleaded guilty to the offense charged in the indictment, and a probation officer prepared a Presentence Investigation Report ("PSR") in the matter. Using the framework set forth in the United States Sentencing Guidelines ("USSG" or "Guidelines"), the officer determined Caballero–Robles' offense level should be increased from eight to twenty-four because he had been deported after conviction for a felony crime of violence. The officer then applied a three-level reduction for acceptance of responsibility, for a total offense level of twenty-one. The probation officer determined Caballero–Robles' criminal history category was III. Based on these determinations, the officer concluded the Guidelines range of imprisonment for Caballero–Robles was forty-six to fifty-seven months.

Caballero–Robles did not object to the PSR. He did, however, argue that several mitigating factors warranted a reduction in his sentence. The district court rejected Caballero–Robles' arguments and sentenced him to forty-six months' imprisonment, the low-end of the Guidelines range. Caballero–Robles appeals the district court's sentencing determination. He contends the district court refused to consider a statutory sentencing factor, improperly weighed other sentencing factors, and violated his right to due process.

## III. Analysis

When reviewing a sentence imposed by a district court, this court will determine whether the sentence is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a). *United States v. Booker*, 543 U.S. 220, 261, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We review a district court's factual findings for clear error and its legal determinations *de novo*. *United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir.2006). Although district courts are not bound by the Guidelines, they "must consult those Guidelines and take them into account when sentencing." *Booker*, 543 U.S. at 264, 125 S.Ct. 738. If this court "determine[s] under the appropriate standard of review that the district court correctly determined the relevant Guidelines range, and if the defendant was subsequently sentenced to a term of imprisonment within that range, then the sentence is entitled to a rebuttable presumption of reasonableness on appeal." *Kristl*, 437 F.3d at 1054. "The defendant may rebut this presumption by demonstrating that the sentence is unreasonable in light of the other sentencing factors laid out in § 3553(a)." *Id.* at 1055.

### A. Disparity Due to Fast–Track Sentencing

■ Caballero–Robles contends the majority of illegal reentry defendants are

prosecuted in jurisdictions that have authorized fast-track programs for certain aliens accused of illegal reentry.[1] Under these programs, he argues, eligible defendants receive significantly shorter sentences than similarly situated defendants in jurisdictions that have not adopted fast-track programs. Caballero–Robles claims the district court did not consider reducing his sentence to comport with sentences imposed upon similarly situated defendants in fast-track jurisdictions. He asserts the district court's alleged failure to consider his disparity argument constituted a violation of its statutory obligation "to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6), and requires a remand for resentencing.

After reviewing the record on appeal, we reject Caballero–Robles' contention that the district court did not consider his disparity argument. The district court acknowledged a disparity in sentencing created by the adoption of fast-track programs in some, but not all, jurisdictions. It disagreed with Caballero–Robles' argument, however, and determined that *sua sponte* application of fast-track sentencing "would ... create greater disparity ... than currently exists." It concluded a judicial attempt to compensate for the fast-track program by reducing Caballero–Robles' sentence "would undermine the heart of the federal sentencing system, uniformity among similarly situated defendants." In short, the record demonstrates the district court considered sentencing dispari-

ties due to fast-track programs when it imposed Caballero–Robles' sentence and therefore satisfied its obligation under 18 U.S.C. § 3553(a)(6).

### B. Consideration of Mitigating Circumstances

■ Caballero–Robles also claims his sentence is unreasonable because the district court did not properly account for "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Caballero–Robles' base offense level was increased pursuant to USSG § 2L1.2(b)(1)(A)(ii), which provides for a sixteen-level sentencing enhancement when a defendant convicted of illegally reentering the United States has previously been convicted of a felony crime of violence. Caballero–Robles concedes he was convicted of sexual abuse of a minor in 1998 in a Utah state court. He also concedes the Guidelines explicitly designate sexual abuse of a minor as a crime of violence for the purposes of the sixteen-level enhancement. *See* USSG § 2L1.2 cmt. n. 1(B)(iii). He asserts, however, that the sixteen-level enhancement overstates the seriousness of his criminal history because the conduct underlying his 1988 conviction did not involve violence, force, or threats and, thus, did not rise to the same level of violence as individuals convicted of more serious crimes of violence. Caballero–Robles stresses his 1998 conviction stemmed from a "mutual and willing" relationship with a thirteen-year-old girl. Appellant's Br. at 28. He also asserts his

---

1. Fast-track programs allow defendants accused of illegal reentry to plead guilty and waive their right to file certain motions and to appeal in exchange for a shorter sentence. *United States v. Morales–Chaires*, 430 F.3d 1124, 1127 (10th Cir.2005). "In 2003, Congress endorsed the fast-track concept in a provision of the Prosecutorial Remedies and Other Tools to End the Exploitation of Children Today Act ("PROTECT Act"), Pub.L. No. 108–21, 117 Stat. 650 (2003) (codified in scattered Sections of 18, 28, and 42 U.S.C.)." *Id.* (quotation omitted). Fast-track programs are authorized on a jurisdiction-by-jurisdiction basis by the United States Attorney General and the United States Attorneys. *See id.*

conduct must be viewed in the context of his Mexican culture, which "allows sexual relations with post-pubescent girls." *Id.* at 32. According to Caballero–Robles, the district court erred when it failed to assign any weight to these considerations and "equated [his] conduct with serious crimes involving violence or threats." *Id.* at 29.

The district court specifically considered Caballero–Robles' argument but concluded "his pattern of engaging in illegal sexual contact with 13–year–old girls" was "per se violent," as a child that age is incapable of giving meaningful consent. The court also expressed concern that Caballero–Robles repeatedly engaged in illegal sexual activity with very young girls, thereby exhibiting a failure to comply with the laws of the United States. Accordingly, the court concluded the advisory Guidelines range was reasonable under the circumstances. We agree. Regardless of the purportedly consensual nature of the relationship between Caballero–Robles and the 13–year–old victim or the cultural context in which the offense took place, we conclude Caballero–Robles has failed to rebut the presumption that his Guidelines sentence was reasonable.

### C. Sentence in Excess of Statutory Maximum

█ Caballero–Robles next contends the district court violated his constitutional rights by sentencing him to a term of imprisonment that exceeded the maximum penalty for the offense alleged in the indictment. We review *de novo* a defendant's constitutional challenge to his sentence. *United States v. Angelos,* 433 F.3d 738, 754 (10th Cir.2006).

Because he had been deported following a prior conviction for a felony crime of violence, Caballero–Robles was subject to a maximum penalty of twenty years' imprisonment for his illegal reentry convic-

tion under 8 U.S.C. § 1326(b)(2). Caballero–Robles' indictment, however, did not specifically allege he had previously been convicted of a felony crime of violence. Caballero–Robles therefore claims his sentence is statutorily limited to a maximum of two years' imprisonment. *See* 8 U.S.C. § 1326(a). Caballero–Robles argues the government was required to allege his prior conviction in the indictment because the prior conviction was used to increase his sentence above the prescribed statutory maximum.

In *Almendarez–Torres v. United States,* the Supreme Court concluded the fact of a prior conviction need not be charged in an indictment. 523 U.S. 224, 226, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although the Court later held that any fact that increases a sentence beyond the statutory maximum must be charged in an indictment and proved beyond a reasonable doubt, it excepted the fact of prior convictions from its holding. *Apprendi v. New Jersey,* 530 U.S. 466, 489–90, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The Court affirmed the exception for prior convictions in *Booker.* 543 U.S. at 244, 125 S.Ct. 738 ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the statutory maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.").

As Caballero–Robles points out, the continuing validity of *Almendarez–Torres* has been questioned. *See Shepard v. United States,* 544 U.S. 13, 27, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005) (Thomas, J., concurring in the judgment) (noting "*Almendarez–Torres* ... has been eroded ... and a majority of the Court now recognizes that *Almendarez–Torres* was wrongly decided"); *Apprendi,* 530 U.S. at 489, 120 S.Ct. 2348 ("[I]t is arguable that *Almendarez–*

*Torres* was incorrectly decided....").
Nonetheless, until the Supreme Court overrules *Almendarez–Torres*, this court is "bound by existing precedent to hold that the *Almendarez–Torres* exception to the rule announced in *Apprendi* and extended to the Guidelines in *Booker* remains good law." *United States v. Moore,* 401 F.3d 1220, 1224 (10th Cir.2005). Accordingly, we reject this component of Caballero–Robles' argument.

██ Finally, Caballero–Robles contends the district court lacked jurisdiction to enhance his sentence beyond the two-year maximum provided for in 8 U.S.C. § 1326(a) because his indictment failed to give him notice of the sentencing enhancement. Caballero–Robles' indictment, however, charged him with violating 8 U.S.C. § 1326 as a whole, not a specific subsection of the statute. Subsection (b)(2) of § 1326 provides for a twenty-year maximum penalty. Accordingly, the indictment afforded Caballero–Robles notice of the enhanced sentence. Moreover, as discussed above, the government was not required to allege Caballero–Robles' prior conviction in the indictment in order for the district court to impose a sentence in excess of the statutory maximum provided in § 1326(a). Furthermore, "the failure of an indictment to allege an essential element of a crime does *not* deprive a district court of subject matter jurisdiction." *United States v. Prentiss,* 256 F.3d 971, 981 (10th Cir.2001) (en banc).

## IV. Conclusion

Caballero–Robles' arguments fail to rebut the presumptive reasonableness of his Guidelines sentence. Accordingly, his sentence is **affirmed.**