**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**George Lester MORRIS, Jr.,**
**Defendant–Appellant.**

No. 06–5162.

United States Court of Appeals, Tenth Circuit.

May 16, 2007.

Kevin C. Danielson, Office Of The United States Attorney, Tulsa, OK, for Plaintiff–Appellee.

Jimmy Lance Hopkins, Tahlequah, OK, for Defendant–Appellant.

Before BRISCOE, HOLLOWAY, and O'BRIEN, Circuit Judges.

## ORDER AND JUDGMENT*

MARY BECK BRISCOE, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, ordered submitted without oral argument.

Defendant George Morris, Jr., pled guilty to one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1), and was

sentenced to a mandatory minimum sentence of 180 months under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). Morris now appeals his sentence, claiming the district court erred in treating his prior Oklahoma state conviction for "DUI Alcohol—Second Offense" as a "violent felony" for purposes of the ACCA. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

I.

On January 27, 2006, officers from the Tulsa Police Department were dispatched to a specific location in response to an allegation of shots being fired. Upon their arrival, the officers observed Morris and another man walking in the area. As one of the officers approached the two men in his patrol unit, Morris reached into his waistband and threw a pistol on the ground. After further investigation, Morris was arrested for intoxication and being a felon in possession of a firearm and ammunition.

On March 7, 2006, a federal grand jury indicted Morris on one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). On May 5, 2006, Morris pled guilty, without benefit of a plea agreement, to the charge alleged in the indictment.

A presentence investigation report (PSR) was prepared and submitted to the parties on June 30, 2006. The PSR proposed classifying Morris as an armed career criminal pursuant to the ACCA and imposing an offense level of 33 pursuant to U.S.S.G. § 4B1.4(b)(3)(B). In support thereof, the PSR noted:

The defendant stands convicted in violation of 18 U.S.C. § 922(g) and he has at

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It

may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.

least three prior violent felony convictions, specifically, Tulsa County, Oklahoma, District Court Cases 22629, Robbery with Firearms and CF–2000–6513, DUI Alcohol—Second Offense, and Sebastian County, Arkansas, Circuit Court Case Number 10–723A, Possession of Cocaine With Intent to Distribute.

ROA, Vol. II, PSR at 6–7. Although the PSR ultimately arrived at a guideline range of 135 to 168 months, it correctly noted that the district court was obligated to sentence Morris to the "statutorily required minimum sentence" of 180 months applicable under the ACCA. U.S.S.G. § 5G1.1(b).[1] Morris objected to the PSR's proposed classification of him as an armed career criminal, arguing that his prior DUI conviction did not constitute a "violent felony" for purposes of 18 U.S.C. § 924(e)(1).[2]

The district court conducted a sentencing hearing on August 7, 2006. During the hearing, the district court rejected Morris's objection to the PSR, concluding that the underlying conduct that gave rise to Morris's DUI conviction "involve[d] conduct that present[ed] a serious potential risk of physical injury to another." ROA, Vol. IV at 7–8. Accordingly, the district court concluded that the ACCA was applicable because Morris "ha[d] two convictions for a violent felony and one conviction for a controlled substance offense." Id. at 8. Ultimately, the district court, in accordance with the recommendation of the PSR, imposed the mandatory minimum sentence under the ACCA of 180 months.

## II.

On appeal, Morris asserts that his prior state conviction for DUI does not constitute a "violent felony" for purposes of the ACCA. In turn, Morris argues that the district court erred in imposing a mandatory minimum sentence of 180 months under the ACCA. We review de novo whether a prior conviction constitutes a "violent felony" for purposes of the ACCA. *United States v. Moore*, 401 F.3d 1220, 1226 (10th Cir.2005).

The ACCA defines the term "violent felony," in relevant part, as

*any crime punishable by imprisonment for a term exceeding one year ... that—*

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

18 U.S.C. § 924(e)(2)(B) (emphasis added). To determine whether a prior conviction qualifies as a "violent felony" under the ACCA, we use the "formal categorical approach" outlined by the Supreme Court in *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), "looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying th[e] conviction[ ]" at issue. *Id.* at 600, 110 S.Ct. 2143. *But cf. Shepard v. United States*, 544 U.S. 13, 26,

---

**1.** Section 5G1.1(b) provides that "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."

**2.** Section 924(e)(1) provides, in pertinent part:

In the case of a person who violated section 922(g) of this title and has three previous convictions by any court ... for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be ... imprisoned not less than fifteen years....

125 S.Ct. 1254, 161 L.Ed.2d 205 (2005) (holding that in certain circumstances a court may look to certain judicial records pertaining to the offense).

The prior conviction at issue in this appeal is Morris's Oklahoma state conviction for "DUI Alcohol—Second Offense." That conviction arose under sections 11–902(A) and (C) of Title 47 of the Oklahoma Statutes, which provide, in pertinent part, as follows:

A. It is unlawful and punishable as provided in this section for any person to drive, operate, or be in actual physical control of a motor vehicle within this state, whether upon public roads, highways, streets, turnpikes, other public places or upon any private road, street, alley or lane which provides access to one or more single or multi-family dwellings, who:

1. Has a blood or breath alcohol concentration, as defined in Section 756 of this title, of eight-hundredths (0.08) or more at the time of a test of such person's blood or breath administered within two (2) hours after the arrest of such person; [or]

2. Is under the influence of alcohol....

*     *     *

C. * * *

2. Any person who, within ten (10) years after a previous conviction of a violation of this section or a violation pursuant to the provisions of any law of another state prohibiting the offense provided in subsection A of this section, is convicted of a second offense pursuant to the provisions of this section or has a prior conviction in a municipal criminal court of record for the violation of a municipal ordinance prohibiting the offense provided for in subsection A of this section and within ten (10) years of such municipal conviction is convicted pursuant to the

provision of this section shall be deemed guilty of a felony....

Okla. Stat. Tit. 47 § 11–902(A), (C).

In *United States v. Begay,* 470 F.3d 964 (10th Cir.2006), we held that a felony conviction under New Mexico state law for driving while intoxicated (DWI) constituted a "violent felony" for purposes of the ACCA. In so holding, we concluded that "DWI is encompassed by the natural meaning of the statutory language 'any crime ... that ... involves conduct that presents a serious potential risk of physical injury to another.'" *Id.* at 971 (quoting 18 U.S.C. § 924(e)). Further, we concluded that the "[s]tatutory purpose d[id] not suggest a different definition." *Id.* at 972. More specifically, we noted "that Congress could have adopted the same language that appears in the definition of *crime of violence* in the very same statutory section," but chose to instead employ a different definition. *Id.* (italics in original). In turn, we noted that "[t]he definition of violent felony ... is used to identify persons who should be sentenced to very long terms for their present offense ... because of their criminal history," and "it seems perfectly reasonable to include within the definition those who have a confirmed history of displaying contempt for human life or safety—those who, in the statutory language, have repeatedly committed felonies 'involv[ing] conduct that presents a serious potential risk of physical injury to another.'" *Id.* (italics in original; quoting 18 U.S.C. § 924(e)). Finally, we concluded that "[n]either the legislative history nor [the] canons of construction" pointed to a different interpretation. *Id.* at 973.

We conclude that *Begay* is controlling in this case. Although the underlying conviction at issue in this case arose in a different state, and thus under a different criminal statute, than the underlying conviction at issue in *Begay,* the substance of each

crime is substantially similar, if not identical. In particular, both the Oklahoma statute under which Morris's "DUI Alcohol—Second Offense" conviction arose, and the New Mexico statute under which the DWI conviction arose in *Begay,* make it a felony for any person, having already had a specified number of DWI or DUI convictions, to drive while under the influence of alcohol. Thus, consistent with *Begay,* we are bound to conclude that Morris's Oklahoma state conviction for "DUI Alcohol—Second Offense" qualifies as a "violent felony" for purposes of the ACCA. *See generally In re Smith,* 10 F.3d 723, 724 (10th Cir.1993) ("We are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court."). In turn, we conclude that the district court in this case properly sentenced Morris to a statutory minimum sentence of 180 months under the ACCA.

AFFIRMED.

