FILED
United States Court of Appeals
Tenth Circuit

May 30, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

GEORGE LESTER MORRIS, JR.,

      Defendant-Appellant.

No. 06-5162

(D.C. No. 4:06-CR-00042-CVE)
(N. D. Oklahoma)

---

**ORDER ON REMAND FROM THE UNITED STATES SUPREME COURT**

---

Before **BRISCOE, HOLLOWAY,** and **O'BRIEN**, Circuit Judges.

---

This case is before us on remand from the United States Supreme Court.

Defendant George Morris, Jr., pled guilty to one count of being a felon in possession of a

firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1), and was sentenced to a

mandatory minimum sentence of 180 months under the Armed Career Criminal Act

(ACCA), 18 U.S.C. § 924(e). We affirmed Morris's sentence on appeal. United States v.

Morris, 234 Fed. App'x 848 (10th Cir. 2007). Morris sought certiorari review from the

Supreme Court. On April 21, 2008, the Supreme Court granted Morris's petition and

remanded the matter to us for further consideration in light of its decision in Begay v.

United States, 128 S.Ct. 1581 (2008).

In our prior Order and Judgment in this case, we rejected, on the basis of our decision in United States v. Begay, 470 F.3d 964 (10th Cir. 2006), Morris's argument that the district court erred in treating his prior Oklahoma state conviction for "DUI Alcohol - Second Offense" as a "violent felony" for purposes of the ACCA. Morris, 234 Fed. App'x at 851-52. In Begay, "we held that a felony conviction under New Mexico state law for driving while intoxicated . . . constituted a 'violent felony' for purposes of the ACCA." Morris, 234 Fed. App'x at 851. Because "the substance of" Morris's "crime [wa]s substantially similar, if not identical," to the crime at issue in Begay, we concluded we were bound to reach the same result in Morris's appeal. Id. at 851-52.

Subsequent to our ruling in Morris's appeal, the Supreme Court granted certiorari review to the defendant in Begay and, in a decision issued on April 16, 2008, reversed our decision in that case. More specifically, the Court held that the New Mexico felony offense of driving under the influence of alcohol was not a "violent felony" within the meaning of the ACCA. In so holding, the Court noted that the crimes expressly listed in the ACCA's definition of "violent felony" "all typically involve purposeful, 'violent,' and 'aggressive' conduct." 128 S.Ct. at 1586. "[S]uch crimes," the Court noted, "are characteristic of the armed career criminal, the eponym of the statute." Id. (internal quotation marks omitted). In contrast, the Court concluded, "statutes that forbid driving under the influence . . . typically do not insist on purposeful, violent and aggressive conduct; rather, they are, or are most nearly comparable to, crimes that impose strict liability, criminalizing conduct in respect to which the offender need not have had any

criminal intent at all." Id. at 1586-87. "When viewed in terms of the [ACCA]'s basic purposes," the Court held, "this distinction matters considerably." Id. at 1587. That is, in terms of "a prior crime's relevance to the possibility of future danger with a gun," "crimes involving intentional or purposeful conduct . . . are different than DUI, a strict liability crime." Id. "In both instances," the Court concluded, "the offender's prior crimes reveal a degree of callousness toward risk, but in the former instance they also show an increased likelihood that the offender is the kind of person who might deliberately point the gun and pull the trigger." Id. Ultimately, the Court concluded, there was "no reason to believe that Congress intended a 15-year mandatory prison term where that increased likelihood does not exist." Id.

In light of the Court's decision in Begay, we conclude that Morris's case must be remanded to the district court with instructions to vacate Morris's sentence and to resentence him. That is, because Morris's Oklahoma state conviction for "DUI Alcohol - Second Offense" is essentially identical to the DUI conviction at issue in Begay, the Court's ruling in Begay makes clear that Morris's Oklahoma DUI conviction "falls outside the scope of the [ACCA]'s clause (ii) 'violent felony' definition." Id. at 1588.

We therefore REMAND with directions to vacate Morris's sentence and resentence.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

-3-