**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 19, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

THOMAS ANTHONY STUPKA,

    Defendant - Appellant.

No. 07-6138
(D.C. No. CR-06-105-001-T)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **McKAY**, and **HARTZ**, Circuit Judges.

---

Defendant-Appellant Thomas Anthony Stupka was convicted of possessing a firearm after a felony conviction, 18 U.S.C. § 922(g)(1), and was sentenced to 180 months' imprisonment and five years' supervised release. He appeals the district court's sentence, specifically the application of an enhancement under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Background

Mr. Stupka pawned a Smith and Wesson handgun on June 9, 2004. III R. at 4. He previously pled guilty to three counts of burglary II in 1991 after he broke into apartments 358, 380, and 458 at the Railhead Apartments complex in Oklahoma City by using a master key. Id. at 11; Aplee. Add. at 1-2. He stole various household furnishings. Id. The Presentence Investigation Report accordingly recommended that he be sentenced under 18 U.S.C. § 924(e)(1) as an armed career criminal within the meaning of U.S.S.G. § 4B1.4 subject to a minimum sentence of fifteen years' imprisonment.[1] III R. at 6. Mr. Stupka objected to the application of this enhancement in a sentencing memorandum and at the sentencing hearing held on May 30, 2007. I R. Doc. 31 at 1; II R. at 4. The district court overruled his objection and sentenced Mr. Stupka to a term of imprisonment at the bottom of his calculated sentencing guideline range of 180 to 210 months. II R. at 43.

Discussion

We review the district court's application of a sentencing enhancement under 18 U.S.C. § 924(e)(1) de novo. United States v. Moore, 401 F.3d 1220, 1226 (10th Cir. 2005). "[A] person has been convicted of burglary for purposes

---

[1] Mr. Stupka's offense level was 24 with a criminal history category of VI. III R. at 6, 25. With the enhancement, his offense level was 33, resulting in an advisory guideline range of 235 to 293 months. Id. at 25.

of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Taylor v. United States, 495 U.S. 575, 599 (1990). In determining whether the enhancement applies, a district court "determining the character of an admitted burglary is generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." Shepard v. United States, 544 U.S. 13, 16 (2005).

Mr. Stupka challenges the enhancement on two grounds. First, he argues that his three previous burglary convictions cannot be considered "violent felon[ies]" "committed on occasions different from one another" as required under § 924(e)(1) because he committed the burglaries on apartments under the possession and control of the same people, on the same day, at the same address, and by using a master key. Aplt. Br. at 11. Apparently, the apartments were unoccupied and uninhabitable at the time because they were undergoing renovation. II R. (5/30/2007 Sent. Tr.) at 15-16, 20. Second, he argues that the circumstances surrounding his prior burglary convictions were impermissibly found by the district judge and should have been submitted to a jury under the Sixth Amendment. Id. at 13.

Neither of Mr. Stupka's arguments persuade us. With respect to his first

argument, we simply note that the definition of "violent felony" for the purposes of § 924(e)(1) includes "any crime punishable by imprisonment for a term exceeding one year that . . . is burglary." 18 U.S.C. § 924(e)(2)(B). Mr. Stupka was convicted of three counts of burglary meeting the elements explained in Taylor, 495 U.S. at 599 and therefore committed three violent felonies. Aplee. Add. at 1-2.

He also committed these three burglaries "on occasions different from one another." 18 U.S.C. § 924(e)(1). Our precedent is clear on this point. In United States v. Tisdale, we interpreted § 924(e)(1) within the context of a defendant who committed three burglaries on the same date after breaking into a shopping mall. 921 F.2d 1095, 1098 (10th Cir. 1990). The defendant burglarized two private businesses and a post office within the mall on a single night. Id. He was tried and convicted of three counts of burglary. Id. We held that "the defendant could not simultaneously burglarize three separate businesses" for the purposes of § 924(e)(1) because he chose to burglarize two additional businesses after burglarizing the first and had to physically break and enter three separate structures to commit the burglaries. See id. at 1099. The defendant's sentence was therefore properly enhanced under § 924(e)(1). See id.; see also United States v. Michel, 446 F.3d 1122, 1134 (10th Cir. 2006) ("In affirming the district court, we are governed by our ruling in Tisdale.").

The district court correctly determined, based upon the information and

judgment for Mr. Stupka's burglary convictions, that his case is not different than Tisdale in any meaningful way. II R. (5/30/2007 Sent. Tr.) at 23-25. After he chose to burglarize one apartment, he had to choose to burglarize another, regardless of whether he might have used the master key to open all three doors before removing the items from each apartment. Mr. Stupka could not have simultaneously burglarized all three apartments. In addition, although the apartments were in the same complex (much like the businesses and post office in Tisdale), he had to "break and enter" each apartment separately. There simply is no question that Mr. Stupka committed three violent felonies "on occasions different from one another." 18 U.S.C. § 924(e)(1).

Moreover, Mr. Stupka is not entitled to a jury trial to determine the circumstances surrounding his prior burglary convictions, including whether the burglaries were "violent felon[ies]" or were "committed on occasions different from one another." Id. The Supreme Court held in Almendarez-Torres v. United States that recidivism does not need to be proven to a jury beyond a reasonable doubt. See 523 U.S. 224, 239 (1998). The Court reaffirmed this holding in Apprendi v. New Jersey when it concluded that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490 (2000) (emphasis added). Almendarez-Torres remains good law despite Justice Thomas's statement that a majority of the Court is

prepared to overturn it. <u>See</u> <u>Shepard</u>, 544 U.S. at 27-28 (Thomas, J., concurring). If there is to be any change in the law in this area, it cannot come from us. <u>See</u> <u>id.</u>; <u>see also</u> <u>Moore</u>, 401 F.3d at 1224 ("Although the Court may overrule <u>Almendarez-Torres</u> at some point in the future, it has not done so, we will not presume to do so for the Court, and we are bound by existing precedent to hold that the <u>Almendarez-Torres</u> exception to the rule announced in <u>Apprendi</u> and extended to the Guidelines in <u>Booker</u> remains good law.").

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge